**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John L. ROBINSON,**
**Defendant–Appellant.**

No. 88–4217
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 4, 1988.

---

Jack H. Kaplan, Shreveport, La., (Court-appointed), for defendant-appellant.

John A. Broadwell, Jack W. Grady, Asst. U.S. Attys., Joseph S. Cage, Jr. U.S. Atty., Shreveport, La., for plaintiff-appellee.

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

GEE, Circuit Judge:

John Robinson appeals his convictions of one count of possessing cocaine with intent to distribute it, two counts of possessing marijuana, and one count of using a firearm in drug trafficking. His points for reversal fall in to two distinct categories: a complaint of the denial of his motion to suppress evidence found in a search of his home and complaints that the evidence was insufficient to support any of his four convictions.

Acting on a confidential tip that Robinson, a state probationer, was possessing both firearms and contraband contrary to the terms of his probation, six probation officers called at his home. When told their errand, Robinson invited them in. Although he at first denied having firearms, he later owned up to it and showed three weapons to the officers. At this time they arrested him, and he then showed them two more. Their searches revealed various other weapons, miscellaneous drugs and drug paraphernalia, and several thousand dollars.

Obtaining warrants, agents searched Robinson's business and further searched his residence.

At the business, they found a small bag of marijuana in an envelope in a desk drawer as well as documents showing that the business belonged to Robinson. At the home, they found additional cash, including some contained in bank bags in an upstairs attic. They also found a quantity of cocaine contained in 444 foil-wrapped gelatin capsules, packed in units of 20–25 each in plastic bags. They also found a small quantity of marijuana, hidden in a boot in the laundry room where a pistol had earlier been found. The agents seized a coffee blender, which contained white residue later determined to be cocaine as well as $50,000 worth of gold jewelry.

Indicted on three drug counts and one count of use of a firearm in relation to a drug trafficking crime, Robinson filed a

motion in limine to suppress the evidence obtained from his house and business. After a hearing, the magistrate recommended denying the motion, and the district court adopted the magistrate's recommendation.

The motion failed, and a jury convicted Robinson on all four counts. The court sentenced Robinson to ten years for the possession of cocaine with intent to distribute count; to two years each on the marijuana possession counts to run concurrently with the ten years; and to a statutorily-mandated term of five years without benefit of probation, parole, or suspension of sentence on the use of the firearm count, to run consecutively with the ten years.

### Denial of the Motion to Suppress

■ Robinson contends that the district court erred in denying his motion to suppress evidence. Conceding that a state probation officer needs no warrant to visit the home of a probationer, he contends, however, that when the probation officer found evidence of a violation of probation and placed Robinson under arrest, he should have searched no further.

The government retorts that the search was justifiable as a reasonable search of a state probationer's home under *Griffin v. Wisconsin*, 483 U.S. ——, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987). In *Griffin*, the Supreme Court upheld a state regulation permitting a probation officer to search a probationer's home without a warrant as long as there are "reasonable grounds" to believe contraband is present there. 107 S.Ct. at 3167. The Court stated that although a probationer's home is protected by the Fourth Amendment, "[a] State's operation of a probation system ... presents 'special needs' beyond normal law enforcement that may justify departures from the usual warrant and probable cause requirements." 107 S.Ct. at 3167–68. The Court further noted that probationers possess only a conditional liberty, dependent on observation of certain restrictions, and that a warrant requirement would hobble the State's ability to supervise those restrictions, particularly where a need arises to respond quickly to evidence of misconduct. 107 S.Ct. at 3168–69.

While *Griffin* is instructive, the present issue lies beyond its ambit. *Griffin* was specifically limited to upholding the validity of the state regulation at hand, and the Supreme Court relied on state court interpretations of the regulation to conclude that it was reasonable under the Fourth Amendment. 107 S.Ct. at 3167–69. Here, there is no evidence of a state rule or regulation pursuant to which the officers searched Robinson's home.

We need not consider *Griffin*'s application in order to decide Robinson's case, however. The magistrate found that Robinson allowed the officers to enter his home "and then consented to a search," stating in his report:

... the defendant consented to the initial search. The remaining searches, performed later that afternoon by the DEA agents, were within the scope of the search warrants issued by this Court....

Thus, the magistrate found that Robinson's consent extended to all searches conducted prior to execution of the warrants. Robinson did not enter objections to the magistrate's report; hence, he is precluded from challenging the magistrate's factual findings on appeal except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982) (en banc). A determination that consent was voluntarily given is a finding of fact to be made in light of all the circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 248–49, 93 S.Ct. 2041, 2058–59, 36 L.Ed.2d 854 (1973). Robinson raises no argument on appeal concerning the extent or voluntariness of his consent, nor has he provided a transcript of the suppression hearing. Based on the trial testimony that Robinson invited the officers into his home and voluntarily conducted them through the house, telling them where the guns were, the magistrate's finding that Robinson consented to the initial search is not manifestly unjust.

### Sufficiency of the Evidence

Robinson contends that the district court erred in denying his motion for judgment

of acquittal. When evaluating the sufficiency of the evidence on an appeal, we must consider the evidence in the light most favorable to the verdict, drawing all reasonable inferences and credibility choices in favor of the jury's verdict. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Hernandez–Palacios,* 838 F.2d 1346, 1348 (5th Cir.1988). The standard is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982) (en banc), *aff'd,* 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). We take the counts in order.

### a. *Possession with Intent to Distribute Cocaine.*

■ A possession conviction requires proof that the defendant had knowing possession of cocaine with the intent to distribute it. *United States v. Williams–Hendricks,* 805 F.2d 496, 500 (5th Cir.1986). Possession may be actual or constructive. *Hernandez–Palacios,* 838 F.2d at 1349. Constructive possession results from the exercise of, or the power to exercise, dominion and control over the proscribed substance. *Williams–Hendricks,* 805 F.2d at 500. Intent to distribute may be inferred from the possession of a large quantity of it. *Id* (citing *United States v. Vergara,* 687 F.2d 57, 62 (5th Cir.1982)).

Here, the evidence was sufficient to sustain the conviction for possession with intent to distribute. The agents found a total of 80.7 grams of cocaine in the house. Robinson lived in the house and had given its address to his probation officers as being his residence. A DEA agent testified that, over a long period of time during which Robinson's home had been under surveillance, the agent concluded that Robinson lived alone at the residence. In a closet of the home, the officers discovered 444 gelatin capsules, each individually wrapped in foil and containing cocaine, packaged in units of twenty-five capsules to a baggie. A DEA agent testified that the street value of the packaged units was between $4,400 and $11,100. The officers also found a box containing 600 empty gelatin capsules as well as foil and ziploc baggies. This evidence certainly supports the conclusion that Robinson knowingly possessed cocaine with the intent to distribute it.

### b. *Possession of Marijuana.*

■ The jury convicted Robinson of possession of a small quantity of marijuana found at his home and of a small quantity of marijuana found at his place of business. The above law regarding possession applies equally to the two counts in question here.

At Robinson's business premises, in a desk drawer, the agents found a small plastic bag of marijuana in an envelope. The name of the business was "JLR Boxing Club" and "JLR Bonding Service." A DEA agent testified that, based on his surveillance of the business, Robinson was the sole employee. He found no cash flow records for the boxing club, and Robinson's businesses appeared to him to be "fronts." Another agent testified that he found documents at the business premises indicating that Robinson owned the business. The agent also testified that from the presence of the notes and papers and documents on the desk, he concluded that it was Robinson's desk. Viewing this evidence in the light most favorable to the government, it was reasonable for the jury to conclude that, by virtue of his ownership of the business and the documents indicating that it was his office and his desk in which the marijuana was found, Robinson constructively possessed the marijuana.

The agents also found marijuana in Robinson's home hidden in a boot near dirty laundry, inside the laundry closet. Although Robinson makes much of the fact that the government failed to prove that he owned the boot in which the marijuana was found, ownership is not requisite to proving possession. The jury could properly have concluded, based on the evidence that Robinson lived alone in the house, that Robinson constructively possessed the marijuana found inside the boot.

**1010**

### c. *Firearm Use in Connection with Drug Trafficking Offense*

█ The jury found Robinson guilty of a violation of 18 U.S.C. § 924(c)(1) which states:

> Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall ... be sentenced to imprisonment for five year ...

Possession of cocaine with intent to distribute it is a "drug trafficking" crime with the meaning of § 924(c)(1). *See* 18 U.S.C. § 924(c)(2). Possession of a firearm can constitute the requisite use, if the possession is "an integral part of the felony." *United States v. Breckenridge,* 782 F.2d 1317, 1323 (5th Cir.), *cert. denied,* 479 U.S. 837, 107 S.Ct. 136, 93 L.Ed.2d 79 (1986); *see also United States v. Mason,* 658 F.2d 1263, 1270–71 (9th Cir.1981).

Robinson maintains that there is no evidence that he ever had a gun. He also contends that the government offered no proof of ownership of any of the guns. Again, ownership is not essential to possession, which in certain circumstances can constitute use within the meaning of § 924(c)(1).

In Robinson's house, the agents found seven firearms. At least two of these were loaded, and ammunition for other guns was also found there. We have never before considered the application of § 924(c)(1) to facts similar to those presented here. Employing the reasoning of the Eighth Circuit in *United States v. Matra,* 841 F.2d 837 (8th Cir.1988), however, we think a jury could reasonably conclude that Robinson's possession of the firearms was an integral part of the felony of possessing cocaine with the intent to distribute it. In *Matra,* police had found loaded weapons, ammunition, a large quantity of cocaine and cash, and drug paraphernalia in a house used by Matra and others. Two of the weapons were found underneath sofa cushions, one underneath bedcovers, and another in the zipper bag of a vacuum cleaner. *Matra,* 841 F.2d at 839. The court stated that at least one of the guns "'had undoubted utility in the protection of the valuable [cocaine] supply and of the cash on hand.'" *Id.* at 842 (quoting *United States v. La-Guardia,* 774 F.2d 317, 321 (8th Cir.1985)). The court concluded that although Matra did not brandish or discharge his weapon or have it on his person, "it was an integral part of his criminal undertaking and its availability increased the likelihood that the criminal undertaking would succeed." *Matra,* 841 F.2d at 843; *see also United States v. Chase,* 692 F.2d 69, 71 (9th Cir. 1982) (evidence that defendant's residence contained 1120 grams of cocaine and a .38 caliber pistol sufficient to show that defendant used a gun to commit the felony of possession of cocaine with intent to distribute). As in *Matra,* the jury here could reasonably have concluded that Robinson "used" at least one of the firearms found in his house as a means of safeguarding and facilitating illegal transactions and as an integral means of protecting his possession of the cocaine.

Thus, the evidence was sufficient to sustain all four counts of Robinson's conviction, and the judgment of the district court is

AFFIRMED.