**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Gerardo MUNOZ–FABELA,**
**Defendant–Appellant.**

**No. 89–2492**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 7, 1990.

Nancy M. Simonson, J.A. Canales, Canales & Simonson, Corpus Christi, Tex., for defendant-appellant.

Paula C. Offenhauser, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

A criminal defendant appeals, for the second time, his conviction pursuant to a statute that proscribes possession of a firearm during the commission of a drug-trafficking offense. Having already failed to establish that a separate prosecution for possession of the firearm constitutes double jeopardy, he now advocates that the statute is an "enhanced penalty provision" that, in the absence of an underlying drug-trafficking *conviction*, cannot provide an independent basis for punishment. On the basis of a prior opinion of this court, we conclude, however, that 18 U.S.C. § 924(c)(1) (West Supp.1989) provides a separate basis for criminal liability. Further, there is no statutory requirement that the government secure an underlying drug-trafficking *conviction* as a predicate for invoking section 924(c)(1). Accordingly, we affirm.

I.

Defendant Jose Gerardo Munoz–Fabela (Munoz) was arrested by undercover agents from the Drug Enforcement Administration, who suspected him of providing protective surveillance for drug dealers conducting a cocaine transaction. The agents suspected Munoz of criminal complicity when he left a certain home in the company of a known drug courier; that courier had announced to the agents, moments before, that he had to retrieve the cocaine shipment from his source's home before consummating the deal.

Departing with the courier, Munoz operated a separate vehicle, followed in trace, and positioned the vehicle within visible proximity to the drug transaction taking place in a parking lot. The undercover agents observed that Munoz's attention was focused upon the participants in the transaction; they concluded that such activity was consistent with the practice

among drug dealers of providing counter-surveillance against police intervention. The agents arrested the participants, including Munoz, who remained in his vehicle nearby. On the floorboard of Munoz's vehicle, and well within his view and reach, rested a loaded 9 mm. pistol.

Munoz was indicted on June 16, 1987, for conspiracy to possess cocaine with intent to distribute, possession of cocaine with intent to distribute, and distribution thereof. Thereafter, on August 11, 1987, Munoz was separately indicted for knowingly and intentionally using or carrying a firearm during and in relation to a drug-trafficking crime under section 924(c)(1). As to the first indictment, a plea bargain was reached with the government whereby Munoz agreed to plead guilty to the charge of "misprison of a felony" in exchange for the dismissal of the first indictment. The plea-bargain agreement, however, was silent concerning the second outstanding indictment.

Munoz received a three-year prison term as a consequence of his misprison conviction. Thereafter, he challenged the government's ability to prosecute the independent weapons charge on the basis that he would be placed twice in jeopardy. In an interlocutory appeal, we found no double jeopardy bar impeding the government's ability to prosecute the second indictment pursuant to section 924(c)(1). *See United States v. Munoz–Fabela*, 861 F.2d 1278 (5th Cir.1988) (per curiam) (unpublished). Thereafter, Munoz was convicted of violating section 924(c)(1) and received the *mandatory* five-year consecutive prison sentence provided by that section.

## II.

### A.

Munoz understands section 924(c)(1) to provide no independent basis for criminal liability absent an underlying drug-trafficking conviction. He alleges that the statute is simply a penalty-enhancement provision. A guilty plea for misprison with respect to a separate indictment, the argument proceeds, does not qualify as the type of predicate act envisioned by section 924(c)(1) and therefore does not invoke the mandatory five-year sentence.

The government objects to Munoz's interpretation of the statute, arguing that he misconstrues the plain language of section 924(c)(1); specifically, the statutory language does not require an underlying *conviction,* but only that the weapon be used or carried in furtherance of a drug-trafficking offense for which the government *could have prosecuted.* The government argues that the section provides independent criminal liability, as evidenced by its legislative history. Both the government and Munoz cite the legislative history of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, § 1005, 98 Stat. 1976, 2138–39, extracting from it portions that supposedly bolster the persuasiveness of their respective positions. *See, e.g.,* 1984 U.S.Code Cong. & Admin. News 3182, 3490–92.

Further, Munoz reminds us that we have previously construed another subsection of this statute, section 924(e)(1), as a sentence-enhancement provision. *See United States v. Quintero*, 872 F.2d 107, 110 (5th Cir. 1989), *petition for cert. filed* (June 15, 1989) (No. 88–7509); *United States v. Affleck*, 861 F.2d 97, 99 (5th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1325, 103 L.Ed.2d 593 (1989). Munoz suggests that the same determination should be reached here with respect to section 924(c)(1) in light of the fact that section 924 is broadly styled "Penalties."

We need not resolve these arguments, however, as a recent, prior panel of this court has decided the issue at hand. In *United States v. Wilson*, 884 F.2d 174, 176 & n. 2 (5th Cir.1989), we affirmed a separate conviction under section 924(c)(1), thus establishing that that section constitutes an independent basis for criminal liability. Also in *Wilson*, we rejected the government's assertion that the defendant's guilty plea in *state* court was sufficient to establish a predicate drug trafficking offense under 21 U.S.C. § 841(a)(1); the government thus had to present evidence of the underlying offense.

Importantly, therefore, it is only the fact of the offense, and not a conviction, that is needed to establish the required predicate. Hence, in the instant case, the charge of possession of cocaine with intent to distribute, contained in the first indictment, qualifies as a "drug-trafficking offense" under section 924(c)(1).

### B.

Munoz also challenges the sufficiency of the evidence to sustain his firearms conviction under section 924(c)(1). He correctly argues that Congress did not intend to criminalize possession of firearms where the weapon played no role in the drug-trafficking offense. Indeed, section 924(c)(1) operates only in the narrow context of possession of a weapon "during and in relation to any ... drug trafficking crime." The question thus becomes whether there is sufficient evidence to demonstrate that Munoz (1) used or carried a firearm during and in relation to (2) an underlying drug-trafficking crime.

When sufficiency challenges are raised on appeal, we are to view the evidence in a light most favorable to the government and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *United States v. Price*, 869 F.2d 801, 804 (5th Cir.1989); *United States v. Kaufman*, 858 F.2d 994, 999 (5th Cir.1988). Further, juries are correctly instructed that they need not dispense with their common-sense understanding of the natural tendencies and inclinations of human behavior. *United States v. Henry*, 849 F.2d 1534, 1537 (5th Cir.1988).

We have construed possession "during and in relation to" a drug-trafficking crime to mean that the weapon must have played "an integral part [in] the felony." *United States v. Robinson*, 857 F.2d 1006, 1010 (5th Cir.1988); *United States v. Breckenridge*, 782 F.2d 1317, 1322–23 (5th Cir.), *cert. denied*, 479 U.S. 837, 107 S.Ct. 136, 93 L.Ed.2d 79 (1986). It is not necessary that the weapon be employed or brandished. *United States v. Boyd*, 885 F.2d 246, 250 (5th Cir.1989); *United States*

*v. Coburn*, 876 F.2d 372, 375 (5th Cir.1989). "It is enough that the firearm was present at the drug-trafficking scene, that the weapon could have been used to protect or facilitate the operation, and that the presence of the weapon was in some way connected with the drug trafficking." *Boyd*, 885 F.2d at 250. The weapon may be hidden (as in *Robinson*) or unloaded (as in *Coburn*).

Munoz argues that he did not own the weapon or know of its location under the front seat of the vehicle. He places great significance on the fact that the government did not complete a fingerprint analysis of the pistol and that the weapon was registered in the name of a third person. As we declared in *Robinson*, however, the statute focuses upon possession and not ownership. 857 F.2d at 1010. In light of our precedents, a loaded gun placed upon a vehicle floorboard, within view and reach of the occupant providing surveillance for a drug transaction, satisfies the requirement that the weapon have been used or carried "during and in relation to" drug-trafficking crime.

Separately, Munoz believes the government's evidence fell short of demonstrating, beyond a reasonable doubt, that he committed an underlying drug-trafficking offense. We conclude, however, that a reasonable jury could have concluded that Munoz aided and abetted the crime of possession of cocaine with intent to distribute; namely, providing surveillance and security for the principal participants of the drug transaction. In *Robinson*, we held that possession with intent to distribute constitutes a predicate drug-trafficking offense. Further, aiding and abetting a crime renders one liable to the same extent as the principals. 18 U.S.C. § 2(a).

In this case, the government demonstrated Munoz's complicity by showing that he left a suspected dealer's home in the company of a drug courier. Munoz then positioned his vehicle in close proximity and focused upon the activities of the courier while the sale was consummated. He was then arrested with a loaded gun on the

floorboard. We conclude that a reasonable jury could have been convinced, beyond a reasonable doubt, that Munoz provided surveillance services in furtherance of the crime of possession of cocaine with intent to distribute.

AFFIRMED.