928 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darrell Wayne TULLOCK, Defendant-Appellant.
 No. 90-5205.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 9, 1991.
Decided March 18, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Norwood Carlton Tilley, Jr., District Judge. (CA-90-22-1-WS)
 Anne R. Littlejohn, Susan Hayes, Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Paul Alexander Weinman, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Darrell Wayne Tullock pleaded guilty to possession of cocaine with the intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(c) and a jury found him guilty of carrying and using firearms in relation to a drug-trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1). He was sentenced to a term of imprisonment of sixteen months on the possession count and sixty months on the firearm count. Tullock noted a timely appeal.[1] We affirm.
 
 
 2
 Police officers searched Tullock's home pursuant to a valid search warrant; Tullock was present with three other individuals. The officers found cocaine, a digital pager, an address book and over $1000 in cash on Tullock's person. In his bedroom, the officers found plastic sandwich bags, plastic bags containing cocaine, scales with white powdery residue on them, and a measuring cup covered in white powdery residue. Also in the appellant's bedroom was a gun safe which contained three guns and an athletic sock which held $1780 in cash. A wall rack in the room held another rifle and three other guns were found under a sofa in the bedroom.
 
 
 3
 At trial, the appellant submitted evidence that he had obtained the money from sales of a motorcycle and a jeep. He did acknowledge that some of the money came from selling a "little bit of cocaine." He testified that he used the guns for hunting, that some had never been shot, that none of the guns had been removed on the day of his arrest, and that he kept the guns in the locker in his room because his brother was schizophrenic. The court denied appellant's motions for acquittal on the gun charge based on insufficiency of the evidence.
 
 
 4
 In reviewing a district court's denial of a motion of acquittal, this Court must determine whether there is no substantial evidence in the record to support the jury's finding that the defendant is guilty beyond a reasonable doubt. United States v. Stockton, 788 F.2d 210, 218 (4th Cir.), cert. denied, 479 U.S. 840 (1986). In doing so, this Court must construe the evidence in the light most favorable to the prosecution. Glasser v. United States, 315 U.S. 60 (1942). This Court must also uphold a jury verdict if there is substantial evidence to support it when viewed in the light most favorable to the government. United States v. Jones, 735 F.2d 785, 790 (4th Cir.), cert. denied, 469 U.S. 918 (1984).
 
 
 5
 In United States v. Brockington, 849 F.2d 872 (4th Cir.1988), arresting police officers recovered a loaded gun from under the floormat directly beneath the defendant's seat in a cab. They also recovered cocaine and heroin from his person. The defendant acknowledged his involvement with drug dealing and that he carried the gun for protection. This Court held that evidence is sufficient to sustain a conviction of carrying a firearm during and in relation to a crime of drug trafficking in violation of 18 U.S.C. Sec. 924(c)(1) if it establishes the firearm is present "for protection and to facilitate the likelihood of success [of drug transactions], whether or not it is actually used." Id. at 876; see also United States v. Robinson, 857 F.2d 1006, 1010 (5th Cir.1988) (jury could reasonably conclude from the presence of seven firearms found in the house where defendant was arrested for possession of cocaine with intent to distribute that the defendant possessed them as an integral part of the drug offense); United States v. Matra, 841 F.2d 837, 843 (8th Cir.1988) (although defendant did not brandish or discharge a weapon or have one on his person, weapons found hidden throughout the house where defendant was arrested for possession of cocaine with intent to distribute were an integral part of the criminal enterprise and "increased the likelihood that the criminal undertaking would succeed"), United States v. Stewart, 779 F.2d 538, 540 (9th Cir.1985) (conviction under Sec. 924(c)(1) could be based on circumstances showing "that the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others, whether or not such display or discharge in fact occurred....").
 
 
 6
 Tullock pleaded guilty to possession of cocaine with the intent to distribute and he does not deny ownership of the several guns found in his bedroom. Construing the evidence in the light most favorable to the government, the jury in this case reasonably concluded that Tullock "used" the firearms found in his bedroom to protect and facilitate his distribution of cocaine. We therefore affirm his conviction under 18 U.S.C. Sec. 924(c)(1).
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Tullock only appealed the conviction of the firearm count