955 F.2d 42
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack Cleveland DAVIS, Defendant-Appellant.
 No. 91-5257.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 14, 1991.
Decided Feb. 13, 1992.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington, No. CR-90-21, W. Earl Britt, District Judge.
 William E. Martin, Federal Public Defender, Mary Elizabeth Manton, Assistant Federal Public Defender, Raleigh, N.C. for appellant.
 Margaret Person Currin, United States Attorney, J. Douglas McCullough, Senior Litigation Counsel, Raleigh, N.C. for appellee.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, MURNAGHAN and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Following a jury trial, Jack Cleveland Davis was convicted of using or carrying firearms during and in relation to a drug trafficking crime, and possession of firearms by a convicted felon, proscribed respectively by 18 U.S.C.A. § 924(c)(1) and § 922(g) (West Supp.1991). Davis appeals, contending that there was no probable cause to issue the search warrant which led to his conviction and that he could not be convicted under 18 U.S.C.A. § 924(c)(1) because he had not been convicted of a drug trafficking violation. We find no merit in Davis's contentions; consequently, we affirm his convictions.
 
 Background
 
 2
 Detective Sergeant Little applied to the Superior Court in Bladen County, North Carolina, for a search warrant to search the mobile home where Jack Cleveland Davis lived. Little submitted an affidavit with the application in which he stated that a confidential informant had observed illegal drug activity in the trailer. The informant had been inside the trailer in the preceding twenty-four hours and earlier in the week. The informant observed large quantities of cocaine and saw Davis cooking approximately one kilogram of cocaine to convert it into "crack." Little's affidavit also said that the informant was reliable and previously had provided information leading to the arrest and conviction of others engaged in illegal drug activity. A state magistrate issued the warrant.
 
 
 3
 When the police executed the warrant, Davis was inside the mobile home and the officers found cocaine, large sums of cash, and several guns. A grand jury indicted Davis on two counts: (1) using or carrying firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C.A. § 924(c)(1), and (2) possession of firearms by a convicted felon in violation of 18 U.S.C.A. § 922(g). Before his trial, Davis unsuccessfully moved to suppress all items seized pursuant to the search warrant on the grounds that the search warrant failed to meet the requirements of the Fourth Amendment. A jury found Davis guilty on both counts for which he was indicted. Davis timely appealed.
 
 
 4
 On appeal, Davis asserts that evidence from the search of his trailer should not have been introduced because there was no probable cause to issue the search warrant. Deference is given to a magistrate judge's finding of probable cause. The duty of a reviewing court is to ensure that the magistrate judge had a substantial basis for concluding that probable cause existed to justify issuing a warrant. New York v. P.J. Video, Inc., 475 U.S. 868 (1986); United States v. Blackwood, 913 F.2d 139 (4th Cir.1990). Davis also contends that because he was not convicted of a drug trafficking violation, the district court erred by convicting him under 18 U.S.C.A. § 924(c)(1) for using or carrying firearms during and in relation to a drug trafficking crime. A district court's conclusions of law are reviewed de novo. Pullman-Standard v. Swint, 456 U.S. 273, 287 (1982).
 
 
 5
 A. Probable Cause for Issuance of a Search Warrant
 
 
 6
 The Fourth Amendment mandates that the issuing authority must have probable cause to issue a search warrant. United States v. Harris, 403 U.S. 573 (1971). There is no rigid test for a magistrate judge or other issuing authority to follow in determining whether probable cause exists for issuing a search warrant. Instead, the magistrate judge must
 
 
 7
 make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
 
 
 8
 Illinois v. Gates, 462 U.S. 213, 238 (1983).
 
 
 9
 Officer Little had extensive law enforcement experience, including substantial involvement with narcotics investigations. At the time he prepared his affidavit, he had been a policeman for eighteen years and had spent ten of those years investigating drug offenses in Bladen County. He stated that the confidential informant "has proved [sic] to be reliable in the past and has provided information in the past which has led to arrest and conviction of persons involved in controlled substance violations." The informant provided detailed information of extensive illegal drug activity he or she observed in Davis's trailer shortly before the magistrate issued the search warrant. In light of the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed to issue a search warrant.
 
 
 10
 Davis asserts that information provided by a confidential informant alone is insufficient to establish probable cause to issue a search warrant. However, Officer Little stated that the informant had proven to be reliable in the past and had provided information leading to arrests and convictions of drug offenders. Furthermore, the informant personally witnessed the illegal drug activity occurring in Davis' trailer. Where an informant has proven to be reliable in the past and has first-hand knowledge of the criminal activity in question, then probable cause may exist for issuing a search warrant. United States v. Fleming, 566 F.2d 623, 625 (8th Cir.1977).
 
 
 11
 B. Convictions Under 18 U.S.C.A. § 924(c)(1)
 
 
 12
 Section 924(c)(1) of Title 18 of the United States Code Annotated provides in part:
 
 
 13
 Whoever, during and in relation to any ... drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years.
 
 
 14
 Davis was not charged in federal court for a drug trafficking crime. Therefore, he contends, he cannot be convicted of violating 18 U.S.C.A. § 924(c)(1).
 
 
 15
 Conviction for a drug trafficking crime is not a prerequisite to conviction under § 924(c)(1). United States v. Munoz-Fabela, 896 F.2d 908, 910 (5th Cir.), cert. denied, 59 U.S.L.W. 3245 (U.S.1990). All that is required is that the defendant used or carried a firearm during and in relation to a drug trafficking crime for which the defendant could be prosecuted in federal court. Therefore, for Davis's § 924(c)(1) conviction to stand, the government had to prove beyond a reasonable doubt that (1) he committed a drug trafficking crime for which he could be prosecuted in federal court (even though he had not been charged with such an offense) and (2) the firearms found in his mobile home were used or carried during and in relation to that crime.
 
 
 16
 When determining the sufficiency of the evidence to sustain a conviction, the reviewing court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in the original). The government must be given the benefit of all reasonable inferences sought to be derived from the proven facts. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 17
 In this case, the government presented evidence that Davis's home was searched and that although he was unemployed, nearly $100,000 in cash was found in the trailer along with bags of cocaine and loaded guns. Furthermore, indicia of drug trafficking was found in Davis's trailer, including a notebook with names, weight measurements and prices, and an electric scale. Any rational trier of fact could conclude beyond a reasonable doubt that Davis possessed cocaine with intent to distribute it in violation of 21 U.S.C. § 841(a)(1) (1988).
 
 
 18
 In addition to proving that Davis committed a drug trafficking crime for which he could be prosecuted, the government had to prove that Davis used or carried firearms during and in relation to that crime in order for his § 924(c)(1) conviction to stand. Guns do not have to be used or brandished in order to establish a § 924(c)(1) violation. " 'It is enough that the firearm was present at the drug-trafficking scene, that the weapon could have been used to protect or facilitate the operation, and that the presence of the weapon was in some way connected with the drug trafficking.' " Munoz-Fabela, 896 F.2d at 911 (quoting United States v. Boyd, 885 F.2d 246, 250 (5th Cir.1989)). See also United States v. Drew, 894 F.2d 965, 968 (8th Cir.) (because of drug dealers' need for guns to protect their operations, "the mere presence and ready availability of a firearm at a house where drugs are dealt constitutes the 'use' of a gun during a narcotics offense"), cert. denied, 58 U.S.L.W. 3658 (U.S.1990).
 
 
 19
 Here, several firearms were present in Davis's trailer in which the drug trafficking occurred. Many weapons were loaded and were readily available for use in or protection of the drug operation. Given the close proximity of drugs, guns, and other evidence of drug trafficking, any rational trier of fact could conclude that the weapons were connected in some way to the drug trafficking violation. Accordingly, there was sufficient evidence to support Davis's conviction under 21 U.S.C.A. § 924(c)(1).
 
 
 20
 Because the magistrate had probable cause to issue a search warrant, the district court properly denied Davis's motion to withdraw from evidence the fruits of the warranted search of his mobile home. Furthermore, there was sufficient evidence to convict Davis of using or carrying firearms during and in relation to a drug trafficking offense. Accordingly, Davis's convictions are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 21
 AFFIRMED.