[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 10, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-16377
Non-Argument Calendar

_____

D. C. Docket No. 03-00093-CR-1-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CECIL RAY FRYE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(February 10, 2005)**

Before CARNES, MARCUS, and PRYOR, Circuit Judges.

PER CURIAM:

This appeal presents four issues, the second of which is an issue of first

impression in the Eleventh Circuit: (1) whether Cecil Ray Frye Jr.'s guilty plea to

one count of conspiracy to manufacture methamphetamine under 21 U.S.C. section 846 and two counts of using or carrying a firearm in connection with a drug felony under 18 U.S.C. section 924(c) was knowing and voluntary; (2) whether Frye was properly convicted of the firearms charges under section 924(c) when he was not convicted of the predicate offenses; (3) whether there was an insufficient factual basis to support the firearms convictions; and (4) whether Frye's sentence violated the Sixth Amendment under United States v. Booker, 125 S. Ct. 738 (2005). We conclude that (1) Frye's plea was knowing and voluntary, (2) a conviction on the predicate offense is not necessary for a conviction under section 924(c), (3) the firearms convictions are supported by the record, and (4) because Frye admitted the facts used by the district court to calculate his sentence, the sentence did not violate the Sixth Amendment. We, therefore, affirm the district court.

## I. BACKGROUND

On May 29, 2003, Frye was charged by superseding indictment with seven counts related to drug trafficking and firearms possession, four counts of which are relevant to this appeal. Count One of the indictment charged Frye with conspiracy to manufacture more than 500 grams of methamphetamine. Count Four charged Frye with an attempt to manufacture more than 50 grams of methamphetamine. Count Five charged that during and in relation to the offense charged in Count

Four, Frye knowingly used, carried, and possessed a firearm, and Count Six charged that during and in relation to the offense of attempting to manufacture methamphetamine, Frye knowingly used, carried, and possessed a firearm. Count Six did not reference any other count in the indictment.

Frye pleaded guilty to Counts One, Five, and Six, and the government dismissed the remaining charges. Before accepting the plea, the district court extensively questioned Frye in a Rule 11 colloquy concerning his knowledge of the charges against him, the rights he possessed as a criminal defendant, and the consequences of pleading guilty. Frye then pleaded guilty. The district court determined that the plea was voluntary and knowing and accepted the plea.

After the sentencing hearing, at which Frye stated that he had no objections to the presentence investigation report that would affect the guideline calculations, the district court sentenced Frye to a total term of 548 months' imprisonment and five years' supervised release. Frye filed a timely notice of appeal.

## II. STANDARD OF REVIEW

The voluntariness of a guilty plea is reviewed de novo. United States v. Brown, 117 F.3d 471, 474 (11th Cir. 1997). We review issues of statutory construction de novo. United States v. Mikell, 102 F.3d 470, 474 (11th Cir. 1996). "[W]e will not overturn a judge's decision to accept a guilty plea unless there has

been an abuse of discretion." United States v. Owen, 858 F.2d 1514, 1516 (11th Cir. 1988). Finally, because Frye did not object to his sentence at sentencing, our review is limited to plain error. United States v. Duncan, 381 F.3d 1070, 1073 (11th Cir. 2004).

### III. DISCUSSION

"A plea of guilty cannot support a judgment of guilt unless it was voluntary in a constitutional sense." Brown, 117 F.3d at 476. A plea is voluntary in a constitutional sense if the defendant receives real notice of the charge against him and understands the nature of the constitutional protections he is waiving. Id. Frye contests the knowing and voluntary nature of his guilty plea. We first, therefore, determine whether Frye knowingly and voluntarily pleaded guilty. We then address Frye's remaining arguments on appeal.

To circumvent the detailed Rule 11 colloquy, Frye contends that the criminal proceeding as a whole undermined the knowing and voluntary nature of his plea. Specifically, Frye argues that the district court neglected to inquire adequately concerning the motion to withdraw due to irreconcilable differences that Frye's counsel had filed the morning of the plea hearing. This argument fails.

To determine that a guilty plea is knowing and voluntary the district court must establish that "(1) the guilty plea [is] free from coercion; (2) the defendant . . .

4

understand[s] the nature of the charges; and (3) the defendant . . . know[s] and understand[s] the consequences of his guilty plea." United States v. Mosely, 173 F.3d 1318, 1322 (11th Cir. 1999). Here the district court explicitly asked Frye about the motion to withdraw, and Frye responded that he was satisfied with his representation and that the difficulty had passed. The district court further discussed the plea agreement, elements of each offense, burden of proof, and consequences of pleading guilty with Frye in detail. Frye responded that he was not coerced into pleading guilty, that he understood the charges and consequences of pleading guilty, and that he pleaded guilty. The record shows that Frye understood the charges against him and his options, and that he voluntarily and knowingly pleaded guilty.

Second, Frye argues that he could not be convicted of using or carrying a firearm in connection with a drug trafficking crime under 18 U.S.C. section 924(c) because he was not convicted of the predicate drug offense for Count Five or charged with the predicate offense for Count Six. Whether a defendant can be found guilty under section 924(c) when he was not convicted of the predicate offense or separately charged with the predicate offense is an issue of first impression in this circuit. We hold that conviction under section 924(c) does not require either that the defendant be convicted of or charged with the predicate

5

offense.

Section 924(c)(1)(A) makes it a crime for any person to use or carry a firearm "during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States . . . ." 18 U.S.C. § 924(c)(1)(A). A "drug trafficking crime" includes any crime punishable under the Controlled Substances Act, 21 U.S.C. section 801, et seq. 18 U.S.C. § 924(c)(2). By its plain language, section 924 does not require that a defendant be convicted of, or even charged with, the predicate offense to be found guilty of using or carrying a firearm in relation to the predicate offense. Section 924(c) requires only that the drug trafficking crime be one that "may be prosecuted." Frye, therefore, was properly convicted of violating section 924(c)(a) despite that he was not convicted of the predicate offense on Count Five or charged with a predicate offense on Count Six.

The other circuits that have addressed this issue have reached the same conclusion we reach today. United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002); United States v. Lake, 150 F.3d 269, 274-75 (3d Cir. 1998); United States v. Nelson, 27 F.3d 199, 200 (6th Cir. 1994); United States v. Myers, 993 F.2d 171, 172 (8th Cir. 1993); United States v. Hill, 971 F.2d 1461, 1467 (10th Cir. 1992); United States v. Munoz-Fabela, 896 F.2d 908, 910-11 (5th Cir. 1990); United

6

States v. Hunter, 887 F.2d 1001, 1003 (9th Cir. 1989). In Munoz-Fabela, the Fifth Circuit held that "only the fact of the offense, and not a conviction, . . . is needed to establish the required predicate," and concluded that the charge of possession of cocaine with intent to distribute, which was contained in the first indictment but of which Munoz was not convicted, was a sufficient "drug trafficking offense" within the meaning of section 924(c). 896 F.2d at 910-11. Similarly, in Hunter, the Ninth Circuit held that "a defendant charged with violating section 924(c)(1) must be proven to have committed the underlying crime, but nothing in the statute or the legislative history suggests he must be separately charged with and convicted of the underlying offense." 887 F.2d at 1003. We agree with their reading of the plain language of section 924.

Third, Frye argues that there was an insufficient factual basis in the record to support the convictions on Counts Five and Six. Rule 11(b)(3) requires that, before accepting a guilty plea, a district court "must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). "The purpose of this requirement is to protect a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading." United States v. Lopez, 907 F.2d 1096, 1100 (11th Cir. 1990) (citing McCarthy v. United States, 394 U.S. 459, 467, 89 S. Ct. 1166, 1171 (1969)). "The standard for evaluating challenges to

7

the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty." Id. The facts presented by the parties to enable the trial court to perform its role, under Rule 11(b)(3), were contained in nine pages of admissions by Frye, which the parties entitled the "factual resume," so we must evaluate Frye's argument against his admissions in that factual resume.

To convict a defendant under section 924(c)(1), the government must demonstrate that the defendant used or carried a firearm, during and in relation to a drug trafficking crime. Smith v. United States, 508 U.S. 223, 227-28, 113 S. Ct. 2050, 2053 (1993). A defendant carries a firearm if it is carried directly on his person or carried in his vehicle. Muscarello v. United States, 524 U.S. 125, 131, 118 S. Ct. 1911, 1916 (1998). To prove the "in relation to" requirement, the government must demonstrate that the firearm had "some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." Smith, 508 U.S. at 238, 113 S. Ct. at 2058-59. "The gun at least must facilitate, or have the potential of facilitating, the drug trafficking offense." Id. at 238, 113 S. Ct. at 2059 (citations and internal punctuation omitted).

The factual resume provides sufficient facts for the district court reasonably

8

to have determined that the defendant was guilty. The resume states that, during the attempt to manufacture methamphetamine at issue in Count Five, Frye carried a Colt revolver in his left jacket pocket while transporting chemicals and equipment. The resume also states that Frye carried a Ruger 9 mm semi-automatic pistol during the attempted theft of anhydrous ammonia for making methamphetamine at issue in Count Six because the Ruger was found in plain view in the vehicle with Frye. A reasonable factfinder could have concluded that in each case the gun facilitated or had the potential to facilitate the offense. The district court did not abuse its discretion when it accepted the plea.

Finally, Frye argues that the district court erred when it enhanced his sentence based on factors that were neither admitted by him nor proved beyond a reasonable doubt in violation of his Sixth Amendment rights. Frye objects to the enhancement he received for being an organizer in the conspiracy under U.S.S.G. section 3B1.1(a) and for risk of harm to human life or the environment under U.S.S.G. section 2D1.1(b)(5)(B). Frye's argument is belied by the record.

In Blakely v. Washington, the Supreme Court held that the imposition of a sentencing enhancement must be supported by facts that were either admitted by the defendant or found beyond a reasonable doubt by the jury, Blakely v. Washington, 124 S. Ct. 2531, 2538 (2004), and in Booker, the Supreme Court

9

extended the reasoning of <u>Blakely</u> to the federal sentencing guidelines. The

<u>Booker</u> Court concluded, in the opinion written by Justice Stevens, "Accordingly

we reaffirm our holding in <u>Apprendi</u>: Any fact (other than a prior conviction)

which is necessary to support a sentence exceeding the maximum authorized by the

facts established by a plea of guilty or a jury verdict must be admitted by the

defendant or proved to a jury beyond a reasonable doubt." <u>Booker</u>, 125 S. Ct. at

756. So long as Frye in pleading guilty admitted the facts that support the

enhancement of his sentence, there is no violation of the Sixth Amendment.

The record shows that the facts admitted by Frye, in the factual resume

submitted to the district court as part of the guilty plea, support the two

enhancements to his sentence. First, an enhancement under section 3B1.1(a) is

supported if the defendant was an organizer or leader of a criminal activity that

involved five or more participants or was otherwise extensive. U.S.S.G. §

3B1.1(a). In the factual resume, Frye admitted that the government could prove

beyond a reasonable doubt that he recruited various individuals to steal ingredients

to make methamphetamine, distributed methamphetamine as payment for services

and rent, paid one individual to make the drugs, and instructed another how to

"cook" the methamphetamine. Frye admitted that the conspiracy involved at least

ten participants. Frye's admissions support the finding of the district court that

Frye was an organizer in the offense.

Second, an enhancement under section 2D1.1(b)(5)(B) is appropriate if the offense (1) involved the manufacture of methamphetamine and (2) created a substantial risk of harm to human life or the environment. U.S.S.G. § 2D1.1(b)(5)(B). The offense to which Frye pleaded guilty was conspiracy to manufacture methamphetamine, and in the resume, Frye admitted that, in the course of the conspiracy, he manufactured approximately three to four ounces of methamphetamine per week. Frye also admitted that he "cooked" methamphetamine at three separate residential locations and that protective gear was required to clear a clandestine methamphetamine laboratory. These admissions are sufficient to support the finding by the district court that the offense involved a substantial risk to human life or the environment. See United States v. Layne, 324 F.3d 464, 468-71 (6th Cir. 2003). The sentence, therefore, did not violate the Sixth Amendment as explicated in Booker, and the district court did not err.

## IV. CONCLUSION

Because Frye knowingly and voluntarily pleaded guilty, the district court did not abuse its discretion when it accepted the guilty plea, and the sentence did not violate the Sixth Amendment, we **AFFIRM.**

11