United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20974
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

KENNETH LINCOLN MARTIN,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-7-ALL
---------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

A jury found Plaintiff-Appellant Kenneth Lincoln Martin guilty of (1) two counts of possession of a firearm by a convicted felon, (2) two counts of possession of a firearm in furtherance of a drug trafficking crime, and (3) two counts of possession with the intent to distribute phencyclidine. The district court issued a judgment of acquittal on counts two and six of the indictment, the charges of possession of a firearm in furtherance of a drug trafficking

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

crime.  The government appeals the judgment of acquittal issued by the district court.

We review de novo a judgment of acquittal issued by a district court, applying the same standard in reviewing the judgment as that applicable in the district court.  United States v. Deville, 278 F.3d 500 (5th Cir. 2002).  A motion for judgment of acquittal should only be granted when, viewing the evidence in a light most favorable to the government, no reasonable fact finder could find the evidence sufficient to support the jury's verdict.  Id.

The district court ruled that the evidence in count two was insufficient to support the finding that Martin possessed the firearm  in question in furtherance of a drug trafficking crime. With regard to count six, the court concluded that the evidence was insufficient to establish the crime of distribution and therefore Martin could not have possessed the firearm in furtherance of a drug trafficking crime.

In United States v. Ceballos-Torres, 218 F.3d 409 (5th Cir. 2000), we established a multi-factor test for determining whether possession of a firearm is "in furtherance" of a drug trafficking crime.  These factors include (1) the type of drug activity, (2) accessibility of the firearm, (3) the type of weapon, (4) whether the weapon is stolen, (5) the status of possession (legitimate or illegal), (6) whether the gun is loaded, (7) proximity to drugs or drug profits, and (8) the time and circumstances under which the gun is found.  Id. at 414-15.

In both of the counts at issue, Martin had easy access to the firearms. They were found in close proximity to the phencyclidine. As Martin was a convicted felon, the firearms were possessed illegally. All of the firearms were loaded at the time they were seized. Employing the factors and analysis from Ceballos-Torres, we conclude that the district court erred in holding that the evidence was insufficient to support the finding that Martin was possessing the firearms "in furtherance" of a drug-trafficking crime.

Additionally, the district court erred in granting the judgment of acquittal on the ground that Martin was not engaged in a "drug-trafficking crime." According to the district court, the evidence did not support the crime of distribution; however, Martin was charged, tried, and convicted of possession with the intent to distribute phencyclidine. The government was not required to prove that Martin actually distributed the phencyclidine. Rather, the government's burden was to prove that Martin possessed the phencyclidine with the intent to distribute it. Possession with intent to distribute is a predicate drug trafficking offense for purposes of 18 U.S.C. § 924(c). United States v. Munoz-Fabela, 896 F.2d 908, 911 (5th Cir. 1990). Accordingly, the judgment of acquittal on counts two and six is vacated, and the case is remanded for reinstatement of the jury's verdict and further consistent proceedings.

VACATED and REMANDED.

3