**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-50994
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAUL RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-539-ALL

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Saul Ramirez appeals from his judgment of conviction for one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). He argues that the evidence was insufficient to support a finding of guilt on the firearm charge.

The parties correctly agree that Ramirez preserved this claim through Rule 29 motions. *See United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2000). Accordingly, we "must determine whether, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence in support of the verdict, a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *Id.*

In relevant part, § 924(c)(1)(A) imposes a 5-year minimum term of imprisonment upon a person who "during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm." Because the indictment and jury instructions tracked this "uses or carries" portion of § 924(c)(1)(A), Ramirez's arguments regarding whether he "possessed" the firearm "in furtherance of" a drug trafficking offense are misplaced. *See United States v. McGilberry*, 480 F.3d 326, 328 (5th Cir. 2007) (distinguishing the evidence required to convict under the "uses or carries" prong of § 924(c)(1)(A) from that required under the "possesses" prong).

Ramirez's argument that the Government failed to prove that he carried the firearm "during and in relation to" the drug offense is unavailing. "[I]n the context of an automobile constructive possession will support a conviction under the 'carrying' prong of § 924(c)(1) when a firearm is transported in a vehicle and the operator of the vehicle knowingly possesses the firearm in the vehicle during and in relation to a drug trafficking crime." *United States v. Smith*, 481 F.3d 259, 263 (5th Cir. 2007) (internal quotation marks and citation omitted). A gun does not have to be within easy reach of the defendant in order to sustain a carrying charge in the vehicular context. *Id.* at 264.

Ramirez claimed ownership of the drugs and firearm, both of which were found on the passenger's side floorboard of the car he was driving. Ramirez admitted to a federal agent that he had "just recently purchased" the drugs. In addition, the gun had been test fired and was found to function as designed.

2

Although there was no direct evidence that Ramirez used the gun for protection, it "obviously could have been used for protection if [he] felt it necessary," *id.*, and, in any case, the Government only needed to show that Ramirez carried the gun during and in relation to his possession with intent to distribute cocaine. *See id.* at 263-64.

Finally, Ramirez intimates that his possession with intent to distribute cocaine did not constitute a "drug trafficking crime" for purposes of § 924(c)(1)(A), but we have held otherwise. *United States v. Munoz-Fabela*, 896 F.2d 908, 911 (5th Cir. 1990).

AFFIRMED.