# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2014

Lyle W. Cayce
Clerk

No. 12-60575
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STARLET KIZER; ANGELA BRYSON MILLER,

Defendants-Appellants

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 3:10-CR-163

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Starlet Kizer and Angela Bryson Miller were charged with aiding and abetting the armed robbery of the Slayden Bank in Lamar, Mississippi (Count One); aiding and abetting the brandishing and carrying and using of firearms and possessing handguns during and in relation to a crime of violence (i.e., the robbery of Slayden Bank) (Count Two); aiding and abetting the armed robbery of the Citizens' Bank in Byhalia, Mississippi

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(Count Three); and aiding and abetting the brandishing and carrying and using of firearms and possessing handguns during and in relation to a crime of violence (i.e., the robbery of Citizens' Bank) (Count Four).  A jury convicted Kizer of Counts Two, Three, and Four and Miller of Counts Two and Four.  Kizer was sentenced to 385 months in prison and five years of supervised release, and Miller was sentenced to 384 months in prison and five years of supervised release.  Each defendant appealed her conviction and sentence.

The defendants contend that the district court erroneously denied their pretrial motions to suppress firearms that were seized from their home.  The defendants assert that the search-warrant application was disingenuous and was designed to allow the executing agents to search for evidence of the instant offenses while ostensibly searching for evidence related to Miller's suspected counterfeiting crimes.  The record reflects that the good-faith exception applies to uphold the validity of the search.  *See United States v. Leon*, 468 U.S. 897, 920-21 (1984); *United States v. Shugart*, 117 F.3d 838, 844-46 (5th Cir. 1987).  The failure of the search-warrant application to reveal the possible connection of the firearms to the bank robberies did not render invalid the seizure of the firearms based on their possible relationship to Miller's counterfeiting crimes.  *See United States v. Haydel*, 649 F.2d 1152, 1159 (5th Cir. 1981).

The defendants also contend that the district court erred by not requiring the government to disclose, under the Jencks Act, 18 U.S.C. § 3500, FBI Forms 302 reflecting written statements given by one Marcus Westbrook.  Those forms were not prepared or verified by Westbrook and did not purport to be a substantially verbatim account of his statements; there is no indication that the forms, which were a summary of Westbrook's version of the facts, were reviewed by or read to him for his adoption or approval.  *See United States v. Williams*, 998 F.2d 258, 269 (5th Cir. 1993); *United States v. Pierce*, 893 F.2d

669, 675 (5th Cir. 1990).  The record reflects that the district court examined the materials to determine whether they were discoverable and made findings based on that examination.

The defendants contend that the district court erred in failing to grant their motions for judgment of acquittal on the basis that the jury instructions for Counts Two and Four could not sustain those convictions when the jury acquitted them of the predicate armed robberies.  The defendants also claim that their acquittals on the armed robbery offenses preclude their convictions on Counts Two and Four because there was insufficient evidence to support their guilt of the predicate offenses.  As the defendants did not object on these grounds at trial our review is for plain error.  *See United States v. Daniels*, 281 F.3d 168, 183 (5th Cir. 2002); FED. R. CRIM. P. 30(d).

There is no statutory requirement that a defendant be convicted of a predicate offense to be convicted under 18 U.S.C. § 924(c).  *See United States v. Munoz-Fabela*, 896 F.2d 908, 910-11 (5th Cir. 1990).  The jury, in accordance with the law and the pattern jury instructions, was not told that, to convict of Counts Two and Four, it had to convict the defendants of the armed-robbery offenses, or that an acquittal on one crime was dispositive of guilt on any other offense.  *See id.* at 911; *United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009).  There was also ample evidence from which a reasonable jury could have found that the defendants at least aided and abetted the armed robberies, *see United States v. Ruiz*, 986 F.2d 905, 911 (5th Cir. 1993), and that their acquiring and providing the firearms that were wielded during the armed robberies is sufficient to support their guilt on the firearms offenses.  *See United States v. Lopez-Urbina*, 434 F.3d 750, 758-59 (5th Cir. 2005).  Thus, the defendants have not shown plain error.  *See Daniels*, 281 F.3d at 183.

3

No. 12-60575

Finally, the defendants assert that, in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the district court unconstitutionally increased the statutory maximum sentence as to Counts Two and Four based on facts that were not found by the jury beyond a reasonable doubt. The defendants did not raise these challenges in the district court, so our review is again for plain error. *See Daniels*, 281 F.3d at 183; *see also Johnson v. United States*, 520 U.S. 461, 464 (1997) (holding that plain error applies even in cases where relevant rule of law was not established until after trial).

The evidence, including eyewitness testimony and surveillance photos, irrefutably reflected that the firearms at issue were wielded during the robberies and were pointed at bank employees to effectuate the robberies. The defendants therefore have not established reversible plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Cotton*, 535 U.S. 625, 632-33 (2002); *Neder v. United States*, 527 U.S. 1, 18 (1999).

The judgment of the district court is AFFIRMED.