United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 9, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-40809

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY ELLIS SMITH,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas

Before DAVIS and STEWART, Circuit Judges, and GODBEY, District Judge.[*]

CARL E. STEWART, Circuit Judge:

Smith appeals his conviction for drug trafficking offenses and possession of a weapon during

a drug trafficking offense, asserting several bases of error. We affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND

John Ashby, a confidential government informant, bought methamphetamine from Troy Smith

during a controlled buy in January 2005. During the buy, Denton Police Department officers moved

in and arrested Smith, finding a handgun, a pound of methamphetamine, and a pipe in the car. Smith

---

[*]District Judge for the Northern District of Texas, sitting by designation.

was indicted and convicted by a jury of possession of methamphetamine with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. He was sentenced to 151 months of imprisonment. He timely appealed his conviction to this court.

## II. DISCUSSION

### A. Entrapment Defense

As his first assertion of error, Smith argues that the district court prevented him from presenting an entrapment defense at trial. In 2004 during a traffic stop, the Irving Police Department discovered controlled substances in Smith's vehicle. As a result, Smith agreed to be an informant, signing an agreement that if he did not assist in the arrest of six suspects, charges would be filed against him. Prior to trial, the government filed a motion in limine to exclude any argument or testimony regarding a public authority defense because the defense did not comply with the strictures of FED. R. CRIM. P. 12.3, which required that Smith disclose this possible defense to the prosecution. The district court granted the motion but agreed that the defense could still attempt to present evidence of entrapment.

Smith contends that Ken Faye, a narcotics investigator with the Irving Police Department, called him constantly around the time of his arrest for the instant crime, pressuring him to deliver criminal defendants. Smith proffered for admission the testimony of Faye and Tina Smith, Smith's ex-wife, to establish the basis of an outrageous conduct defense under *United States v. Russell*, 411 U.S. 423 (1973).[1] The district court excluded the testimony of Faye and Tina Smith because it found these witnesses irrelevant to any valid defense. Smith argues on appeal that the testimony of Faye and Tina Smith amounts to a prima facie showing of entrapment for the crime charged in this case.

---

[1]Smith does not re-urge this defense on appeal.

2

Smith's challenge to the exclusion of testimony he proffered is reviewed for abuse of discretion. *See United States v. Duncan*, 919 F.2d 981, 985 (5th Cir. 1990). While Smith presented a proposed entrapment instruction to the district court, defense counsel did not object to the instruction not being given to the jury, even when directly asked by the district court if he wanted to object. However, requesting such an instruction would have been futile because the predicate evidence was not admitted and counsel had already discussed the issue several times with the trial court, *United States v. Castillo*, 430 F.3d 230, 242 (5th Cir. 2005); therefore, we will review the failure to give the instruction under the abuse of discretion standard, *United States v. Cain*, 440 F.3d 672, 674 (5th Cir. 2006), rather than the plain error standard we would normally apply when the defendant fails to object to the lack of a jury instruction, *United States v. Hickman*, 331 F.3d 439, 443 (5th Cir. 2003).

In order to be entitled to an entrapment instruction, a defendant must present "sufficient evidence from which a reasonable jury could find entrapment." *United States v. Bradfield*, 113 F.3d 515, 520-21 (5th Cir. 1997). If there is sufficient evidence, "the district court errs reversibly by not adequately charging the jury on the theory of entrapment." *Id.* at 521. The defendant must make an initial showing that he lacked the predisposition to commit the crime, that is, that he lacked the willingness to "commit the offense before first being approached by government agents." *Id.* at 522. Once this showing is made, "the burden shifts to the government to prove beyond a reasonable doubt that the defendant was disposed to commit the offense prior to first being approached by government agents." *Id.*

Before the district court, Smith's counsel never clearly asserted entrapment as a possible defense. Even though Smith asserts that his proffered testimony was relevant to entrapmetn, he did

3

not make a prima facie showing that would require either the government to prove that it did not entrap the defendant or the district court to offer an instruction on entrapment. Smith was required to make a showing that "the government's conduct created a substantial risk that an offense would be committed by a person other than one ready to commit it." *Bradfield*, 113 F.3d at 521. Smith proffered no evidence of his lack of predisposition to commit the crime; the proffered testimony would be relevant only to show the government's conduct, if anything. Because there was not a valid prima facie showing of entrapment, the district court did not abuse its discretion in excluding Smith's proffered testimony on this point. Failure to give an entrapment instruction was not an abuse of discretion.

B. Sufficiency of the evidence

Smith argues that his conviction for using or carrying a gun during a drug trafficking crime under 18 U.S.C. § 924(c) is not supported by the weight of the evidence. In reviewing a challenge to the sufficiency of the evidence, this court views all evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt. *United States v. Carrion-Caliz*, 944 F.2d 220, 222 (5th Cir. 1991).

Smith argues that the weapon, which was under the passenger seat of his car, was inaccessible to him during the drug crime for which he was convicted. Smith urges that the weapon must have been both transported in a vehicle and readily accessible in order for "carry" liability to be sufficiently proven.

4

18 U.S.C. § 924(c) provides for criminal liability for "any person, who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm . . . ." The Supreme Court held that liability under this section requires more than mere possession. *Bailey v. United States*, 516 U.S. 137, 143 (1995). Specifically, "use" liability includes "brandishing, displaying, bartering, striking with, and . . . firing or attempting to fire a firearm." *Id.* at 148 (also holding that mentioning a gun with the intent "to bring about a change in the circumstances of a predicate offense" is a use). While the Supreme Court has not directly interpreted "carrying" liability, this Circuit held that in the context of an automobile "constructive possession will support a conviction under the 'carrying' prong of § 924(c)(1) when a firearm is transported in a vehicle and the operator of the vehicle knowingly possesses the firearm in the vehicle during and in relation to a drug trafficking crime." *United States v. Hall*, 110 F.3d 1155, 1161 (5th Cir. 1997) (citing *United States v. Pineda-Ortuno*, 952 F.2d 98, 104 (5th Cir. 1992)).

Smith is correct that under the Supreme Court's precedent in *Bailey*, he could not have been properly convicted under the "use" prong of the statute; however, he misinterprets this Circuit's law on "carry" liability. He asserts that in order to be convicted, the government was required to show both that he transported the weapon *and* that he had immediate access to the weapon. Instead, the law of this Circuit is that the firearm must either be transported by the defendant *or* within his reach during and in relation to the predicate crime. *See United States v. Logan*, 135 F.3d 353, 354 (5th Cir. 1998) (holding that "[e]vidence that a firearm has been transported in a vehicle, and that the operator of the vehicle knowingly possessed the firearm during and in relation to a drug trafficking crime, satisfies the carrying requirement of section 924(c)(1)"); *Hall,* 110 F.3d at 1155.

5

In fact, the effect of inaccessibility of a weapon in the vehicular context is exactly the issue decided in *Pineda-Ortuno*, which held that a gun did not need to be within easy reach to sustain a carrying charge in the vehicular context. 952 F.2d at 103-04. Cases involving carry liability in automobiles have found criminal conduct when a handgun was locked in the glove compartment of a car, *United States v. Muscarello*, 106 F.3d 636, 637 (5th Cir. 1997), when a gun was in the pocket of a defendant's jacket that was sitting on the backseat of the car, *Logan*, 135 F.3d at 354, and when a gun was unloaded under the back seat of the car, *Pineda-Ortuno*, 952 F.2d at 101. Even if accessibility were an element of vehicular carrying liability, a gun located under the passenger seat of Smith's car is at least as accessible as the guns in the above cases.

Additionally, the weapon was carried "in relation to" the underlying crime. In order for a gun to be used or carried "in relation to" a drug trafficking offense, "the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Smith v. United States*, 508 U.S. 223, 238 (1993). This Circuit held that "[w]hat is . . . required is evidence . . . specific to the particular defendant, showing that his or her possession actually furthered the drug trafficking offense." *United States v. Ceballos-Torres*, 218 F.3d 409, 414 (5th Cir. 2000). Proof that a firearm was used in relation to a drug trafficking crime "does not depend on proof that the defendant had actual possession of the weapon or used it any affirmative manner, but it does require evidence that the firearm was available to provide protection to the defendant in connection with his engagement in drug trafficking." *United States v. Raborn*, 872 F.2d 589, 595 (5th Cir. 1989).

The gun at issue here obviously could have been used for protection if Smith felt it necessary. Additionally, the government informant in this case testified that he had seen Smith in possession of

6

a firearm during other drug transactions, indicating that Smith regularly carried a firearm for protection. In short, the government presented sufficient evidence to allow a rational jury to find that Smith carried a firearm "in relation to" the underlying drug offense.

C. Chain of custody

Smith contests the admission of a DEA agent's report on the drug testing of evidence allegedly recovered from his car. He argues that there was no proof that the drugs tested were the ones seized from his car. He complains that the district court failed to require that the government present a chain of custody and instead admitted the evidence "in toto."

This court reviews the admission of evidence for abuse of discretion. *United States v. Guidry*, 406 F.3d 314, 320 (5th Cir. 2005) (citing *United States v. Dixon*, 132 F.3d 192, 196 (5th Cir. 1997)). When a defendant questions the authenticity of evidence, the district court must "determine whether the government has made a prima facie showing of authenticity." *United States v. Sparks*, 2 F.3d 574, 582 (5th Cir. 1993). This prima facie showing is that there be "substantial evidence from which [the jury] could infer that the [evidence] is authentic." *United States v. Jardina*, 747 F.2d 945, 951 (5th Cir. 1984). Once this showing is made, "the evidence should be admitted, and the jury has the ultimate responsibility for deciding the authenticity issue." *Sparks*, 2 F.3d at 582 (citing *United States v. Logan*, 949 F.2d 1370, 1377-78 (5th Cir. 1991)). Any break in the chain of custody goes to the weight of the evidence, not its admissibility. *Id.* (citing *United States v. Shaw*, 920 F.2d 1225, 1229-30 (5th Cir. 1991)).

The testimony of the officer who seized the drugs was sufficient to establish their authenticity. The officer testified that he took the drugs he seized from Smith's vehicle to the police station, where

7

he put them in a paper bag and sealed the bag, writing his initials and badge number across the seal. He also stated that the bag at trial was the one he had put in the police evidence locker and that it was in substantially the same condition as when he initially seized the evidence. The officer who retrieved the drugs for testing and the chemist who tested the drugs also testified, both of them stating that they recognized the exhibit as the drugs they handled. The defense did not ask any questions on cross examination of these witnesses about the chain of evidence, although counsel objected to the admission of exhibits on this basis.

The prosecutor made the necessary preliminary showing of authenticity at trial through the testimony of the police officers who handled the evidence and the testimony of the DEA chemist, and the jury made the ultimate determination of authenticity. The district court did not abuse its discretion in admitting either the narcotics or the report on the content of the narcotics.

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.