# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2007

Charles R. Fulbruge III
Clerk

No. 06-10119
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALEJANDRO RAMOS PRODENCIO

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-18-4

Before GARWOOD, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Alejandro Ramos Prodencio appeals his post-Booker convictions and 248-month sentence (188 months on count one followed by 60 months consecutive on count four) for conspiracy to possess with intent to distribute five kilograms or more of cocaine (count one) and possession of a firearm in furtherance of a drug trafficking crime (count four; Prodencio was not charged in either count two or count three). Prodencio asserts that the Government did not present sufficient

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence to convict him on either count. In addition, he contends that the district court violated his Sixth Amendment rights by sentencing him based on more than 50 kilograms of cocaine.

After considering the evidence in the light most favorable to the verdict, we conclude that the evidence was sufficient to establish beyond a reasonable doubt that, as the jury found, Prodencio conspired to possess with intent to distribute "five or more kilograms" of cocaine and that he possessed a firearm in furtherance of this drug trafficking crime. See United States v. Smith, 481 F.3d 259, 263-64 (5th Cir.), cert. denied, 127 S.Ct. 2288 (2007); United States v. Turner, 319 F.3d 716-, 721-24 (5th Cir. 2003); United States v. Pietri, 683 F.2d 877, 879-80 (5th Cir. 1982). The evidence established that Prodencio was involved in numerous drug transactions and actually supplied the drugs in the instant case. Prodencio carried the firearm to the scene of the drug deal for the purpose of protection during the drug transaction. Testimony from co-defendants and Drug Enforcement agents was sufficient to establish Prodencio's guilt beyond a reasonable doubt. See United States v. Westbrook, 119 F.3d 1176, 1190 (5th Cir. 1997).

By rendering the Sentencing Guidelines advisory only, the Supreme Court in United States v. Booker, 543 U.S. 220 (2005), eliminated the Sixth Amendment concerns that prohibited a sentencing court from finding all facts relevant to sentencing within the statutory punishment range (240 months count one, 60 months consecutive count four). See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005). Drug quantities may be estimated as long as the quantities are determined from information bearing sufficient indicia of reliability; Prodencio bore the burden of demonstrating that the information in his presentence report concerning his drug quantity was inaccurate or unreliable. See United States v. Carbajal, 290 F.3d 277, 287 (5th Cir. 2002). The district court's findings, based on the presentence report and the testimony

presented during trial, bore sufficient indicia of reliability and were not clearly erroneous. See United States v. Betancourt, 422 F.3d 240, 246-47 (5th Cir. 2005). The district court did not violate Prodencio's Sixth Amendment rights by sentencing him based on its finding that Prodencio was responsible for over 50 kilograms of cocaine. See Mares, 402 F.3d at 519.

Accordingly, the judgment of the district court is AFFIRMED.