# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 4, 2008

Charles R. Fulbruge III
Clerk

No. 07-51259
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICARDO GONZALES

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-561-2

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ricardo Gonzales entered a conditional guilty plea to one count of conspiring to possess with intent to distribute five or more kilograms of cocaine and one count of knowingly possessing a firearm in furtherance of a drug trafficking crime. The district court sentenced Gonzales to ten years of imprisonment for the drug trafficking charge to be followed by a consecutive term of 60 months of imprisonment for the firearm charge. The district court

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also imposed two concurrent five-year terms of supervised release. Gonzales now appeals his conviction and sentence.

Following a joint Drug Enforcement Administration (DEA) and San Antonio Police Department (SAPD) undercover narcotics investigation operation, DEA agents and SAPD officers formed a reasonable suspicion that the vehicle driven by Gonzales contained narcotics. During the operation, DEA agents and SAPD officers communicated over the radio and by phone, and officials requested that SAPD officers in a marked unit conduct a traffic stop. Gonzales initially refused a request to search the vehicle, so a canine unit was called. A drug dog alerted on the outside of the vehicle, and a subsequent search of the inside of the vehicle resulted in the discovery of a black duffle bag containing 17 kilograms of cocaine. A Smith and Wesson 9mm semi-automatic pistol loaded with twelve rounds was also found between the driver's seat and the center console.

Gonzales argues that the district court erred in denying his motion to suppress the evidence because the arresting officers violated his Fourth Amendment rights by illegally detaining him over the permissible length of detention that is constitutionally allowed in conjunction with a traffic stop. It is well settled that the Fourth Amendment permits warrantless searches of automobiles where police officers have probable cause to believe that the vehicle contains contraband or evidence of criminal activity. United States v. McSween, 53 F.3d 684, 686 (5th Cir. 1995). Under the collective knowledge doctrine, an arresting officer does not have to have personal knowledge of all the facts constituting probable cause as long as there is a certain level of communication between the arresting officer and other officials who have knowledge of all of the necessary facts. United States v. Ibarra, 493 F.3D 526, 530 (5th Cir. 2007). It is immaterial to the length of detention that Gonzales's vehicle was actually stopped for speeding because the arresting officers received reliable information from other officials who had probable cause to believe that the vehicle contained

drugs. United States v. Khanalizadeh, 493 F.3d 479, 483 (5th Cir. 2007). The district court did not err in denying Gonzales's motion to suppress. See id.

Gonzales also argues that there was an insufficient factual basis to support his guilty plea to possessing a firearm in furtherance of a drug trafficking crime. A defendant possesses a firearm "'in furtherance of' the drug trafficking offense when the possession furthers, advances, or helps forward that offense." United States v. Ceballos-Torres, 218 F.3d 409, 410-11 (5th Cir. 2000). Proof that a weapon was used in relation to a drug trafficking offense merely requires that the Government establish that the weapon was available to provide protection in connection with the defendant's involvement in the drug trafficking offense. United States v. Smith, 481 F.3d 259, 264 (5th Cir. 2007). During his plea hearing, Gonzales admitted that the vehicle contained a 9mm semi-automatic pistol loaded with twelve rounds. The weapon was located within close proximity of the narcotics and within Gonzales's reach, and could have easily been used for protection. Thus, Gonzales's guilty plea was supported by a sufficient factual basis. See Smith, 481 F.3d at 264.

Finally, Gonzales asserts that the denial of a safety valve reduction constitutes multiple punishments for the same offense in violation of the Fifth Amendment. We do not address Gonzales's sentencing issue because the written plea agreement contains a valid waiver of the right to appeal the sentence except in cases of alleged ineffective assistance of counsel or prosecutorial misconduct. See United States v. Gonzalez, 309 F.3d 882, 886 (5th Cir. 2002). Gonzales does not raise either of these issues, nor does he allege that the Government breached the plea agreement.

Accordingly, the judgment of the district court is AFFIRMED.