# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 3, 2010

No. 09-60533
Summary Calendar

Charles R. Fulbruge III
Clerk

DONNA RUTLEDGE,

Plaintiff - Appellant

v.

HARLEY-DAVIDSON MOTOR CO.,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 08-CV-65

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Donna Rutledge appeals a grant of summary judgment for Harley–Davidson Motor Co. in this products liability action arising from a motorcycle accident. For the following reasons, we AFFIRM.

## I. BACKGROUND

Donna Rutledge was injured when her motorcycle ran off the road on December 29, 2006. Rutledge purchased the motorcycle new on December 13,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60533

2006, from the Chunky River Harley–Davidson dealership, in Meridian, Mississippi. The motorcycle was manufactured by Harley–Davidson Motor Co. (Harley–Davidson). On the morning of the accident, Rutledge drove the motorcycle the short distance from her home to the post office; during the ride she felt problems with the steering mechanism in the motorcycle. In the afternoon, she and a friend went for a longer ride. As the two riders approached a curve, Rutledge was unable to steer the motorcycle to the right, and, as a result, the motorcycle ran off the road and crashed. At the time of the accident, Rutledge was driving within the speed limit, and the road was dry, unobstructed, and in good condition. Rutledge sustained serious injuries.

Harley–Davidson sent out two recall notices affecting the model of Rutledge's motorcycle, first on January 22, 2007, and again on March 15, 2007. The recall informed motorcycle owners that the size and location of a voltage regulator could make contact with the front fender of the motorcycle in certain circumstances, potentially impacting the driver's ability to steer.

Rutledge sued Harley–Davidson for negligence, breach of implied warranty, and strict products liability under the Mississippi Products Liability Act, MISS. CODE ANN. § 11-1-63(a) (2004). Federal jurisdiction was based on diversity of citizenship, 28 U.S.C. § 1332. In arguing that the steering mechanism in her motorcycle was defective, she relied on the recall notices from Harley–Davidson and declined to produce her own expert to provide evidence on the existence of a defect. Harley–Davidson moved for summary judgment, arguing that Rutledge failed to prove that a specific defect existed in her motorcycle, as required by Mississippi law. Harley–Davidson submitted an affidavit from an engineering expert, who examined the photographs of the motorcycle after the accident, the recall notices, and Rutledge's insurer's repair

estimate for the motorcycle.[1]  Harley–Davidson's expert opined that "[i]f the voltage regulator recall condition existed on Ms. Rutledge's motorcycle and caused her December 29, 2006[,] accident, it would be because the rear of the front fender of her motorcycle would have engaged with the top of the voltage regulator on her motorcycle."  After examining each photograph of the post-accident motorcycle, the expert concluded that there was no sign of contact between the rear of the front fender and the top of the voltage regulator; therefore, he concluded that "[b]ased on the absence of any evidence of contact between the top of the voltage regulator and the rear of the front fender on Ms. Rutledge's motorcycle, the condition described in [the recall notices] did not cause Ms. Rutledge's accident."

The district court granted summary judgment for Harley–Davidson, finding that the recall notices—evidence of subsequent remedial measures—were inadmissible under Federal Rule of Evidence 407 (Rule 407). Absent the recall notices, the district court found that Rutledge failed to raise a genuine issue of fact as to the existence of a design or manufacturing defect. Rutledge timely appealed.

## II. STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 386 (5th Cir. 2007).  Summary judgment is appropriate when "the discovery and disclosure materials on file[] and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *Breaux v. Halliburton Energy Servs.*, 562 F.3d 358, 364 (5th Cir. 2009). "A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party."  *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir.

---

[1] The actual motorcycle was unavailable for physical inspection, as Rutledge's insurer had declared it totaled and sold it for salvage prior to Rutledge's decision to file suit.

No. 09-60533

2008).  We must take all the facts and evidence in the light most favorable to Rutledge, the non-moving party.  *Breaux*, 562 F.3d at 364.

## III.  DISCUSSION

We have jurisdiction under 28 U.S.C. § 1291.  As this is a diversity case, we apply the substantive law of Mississippi under the *Erie* doctrine.  Rutledge raises two main issues on appeal.[2]  First, she argues that the district court erred in excluding the two recall notices under Rule 407.  She also argues that the district court erred in its conclusion that she failed to raise a genuine issue of material fact on her products liability claims.

### A.  Recall Notices

Rutledge argues that the district court erred by characterizing the recall notices as subsequent remedial measures under Rule 407, which states:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction.  This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

FED. R. EVID. 407.  This is an evidentiary question; as such, we review for abuse of discretion.  *See United States v. Smith*, 481 F.3d 259, 264 (5th Cir. 2007); *Underwriters at Lloyd's London v. OSCA, Inc.*, Nos. 03-20398, 03-20817, 03-21021, 2006 WL 941794, at *4–5 (5th Cir. Apr. 12, 2006) (reviewing Rule 407 decision for abuse of discretion).

---

[2] Rutledge also challenges the district court's alternative holding that even if Rutledge had established the existence of a defect, she would be barred from recovering on the implied warranty claim as she did not give Harley–Davidson the opportunity to cure.  Given our disposition of the first two issues, we do not need to address this issue.

No. 09-60533

Before the district court, Rutledge argued that "Harley–Davidson admits [through the recall notices] that these motorcycles were 'built with voltage regulator part number 74546-07 which, as a result of a greater body thickness than used in previous model years, may contact the front fender under certain circumstances.'" Because of this statement, the district court concluded that Rutledge was offering the recall notices only as evidence of the existence of a defect. Rutledge asserts that she offered the recall notices "to prove that there was a pre-existing condition that caused her motorcycle to be potentially dangerous" and to show Harley–Davidson's ownership or control of the design, the existence of a duty to motorcycle owners, and the feasibility of an alternative design.

The recall notices were issued in January and March 2007, after Rutledge's accident in December 2006.[3] If Rutledge had received the notices before the accident and taken the motorcycle to the dealership for repair, it might have made her injury less likely to occur. Therefore, the district court correctly identified the recall notices as subsequent remedial measures under Rule 407.

Rutledge acknowledges that she offered the notices to show "a pre-existing condition that caused her motorcycle to be potentially dangerous." This purpose falls squarely within Rule 407's bar on evidence of subsequent remedial measures offered "to prove . . . a defect in a product[ or] a defect in a product's design." While Rutledge argues on appeal that she has other purposes for

---

[3] Rutledge argues that the notices do not qualify as subsequent remedial measures because "it seems reasonable that studies and tests done to determine the need for the recall and then the printing and gathering of information to send the recall notice to the masses would have taken more than a months [sic] time." She posits that because of the time it took Harley–Davidson to develop the recall notices, Harley–Davidson must have taken steps towards providing the remedial measures before Rutledge's accident. However, Rutledge fails to offer any competent summary judgment evidence to support these speculative assertions. FED. R. CIV. P. 56(c). Therefore, she has not shown that the district court abused its discretion.

5

introducing the notices,[4] she does not deny offering the notices as proof of a defect in addition to her other reasons. As discussed in greater detail below, the recall notices constituted the *only* competent summary judgment evidence that Rutledge attempted to submit to establish the existence of a defect; therefore, Rutledge's asserted "other purposes" for offering them do not except the notices from Rule 407. The district court did not abuse its discretion in excluding the notices.

## *B. Summary Judgment*

In her complaint, Rutledge raised claims for negligence, breach of implied warranty, and strict products liability, and the district court granted summary judgment on all three claims. In her brief to this court, she generally refers to the warranty and negligence claims, but she does not point to specific facts in the record to support the elements of those two claims, nor does she make any arguments specifically tailored to those claims. Therefore, she has waived her arguments on appeal as regards the negligence and warranty claims. *See Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009) (issues inadequately briefed on appeal are waived).

To survive summary judgment on a Mississippi strict products liability suit, a plaintiff must raise a genuine issue of material fact as to whether

> at the time the product left the control of the manufacturer or seller:
>
> (i)    1. The product was defective because it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications, or

---

[4] Rutledge relies on *Bailey v. Kawasaki–Kisen, K.K.*, 455 F.2d 392 (5th Cir. 1972), as support for her argument that the notices should come in under an exception to Rule 407. However, this case preceded both the Federal Rules of Evidence and the 1997 Amendments to the Rules, which added that "subsequent remedial measures may not be used to prove 'a defect in a product or its design.'" FED. R. EVID. 407 advisory committee notes. As such, Rutledge's reliance on *Bailey* fails to persuade us that the district court abused its discretion.

2.   The produce was defective because it failed to contain adequate warnings or instructions, or

3.   The product was designed in a defective manner, or

4.   The product breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product; and

(ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and

(iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

MISS. CODE ANN. § 11-1-63(a).   Rutledge's complaint alleges violations of subsections (i)(1) and (i)(3)—manufacturing defect and design defect.   The district court found that, without the recall notices, Rutledge failed to raise a genuine issue of material fact as to whether the motorcycle was defective—a prerequisite to recovery.   Rutledge argues that she did, in fact, raise a fact issue sufficient to survive summary judgment because she introduced her own deposition testimony that: she was an experienced motorcycle driver; she did not make any modifications to the motorcycle between its purchase and the accident; on the day of the accident the weather was clear, the road was unobstructed, and she was driving within the speed limit; and the motorcycle failed to steer when she attempted to turn it to the right.   According to Rutledge, these facts were enough to raise a genuine fact issue.   In particular, she argues that this was sufficient to contradict the affidavit of Harley–Davidson's expert, which concluded that the condition described in the recall notices did not cause the accident.

Under Mississippi law, "the existence of a product defect must be established before recovery may be obtained for a resulting injury" in strict products liability.   *Gray v. Manitowoc Co., Inc.*, 771 F.2d 866, 869 (5th Cir.

1985); *see also Moss v. Batesville Casket Co., Inc.*, 935 So. 2d 393, 405–06 (Miss. 2006) ("Regardless of which subsection of MISS. CODE ANN. § 11-1-63(a)(i) a plaintiff sues under, the plaintiff must prove [that] the defective condition rendered the product unreasonably dangerous to the user or consumer . . . ."). Merely offering evidence that damage occurred after the use of a product is insufficient to establish liability. *See William Cooper & Nephews, Inc. v. Pevey*, 317 So. 2d 406, 409 (Miss. 1975) ("Mere proof of damage following [the] use [of the allegedly defective product] was not sufficient to establish liability . . . ."); 57B AM. JUR. 2D *Negligence* § 1187 (2009) ("The doctrine of res ipsa loquitur is inapplicable in any action predicated upon the theory of strict liability.").

As the moving party, Harley–Davidson bore the initial burden of "informing the district court of the basis for its motion, and identifying the portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation marks omitted). By submitting the expert affidavit with its conclusion that "[b]ased on the absence of any evidence of contact between the top of the voltage regulator and the rear of the front fender on Ms. Rutledge's motorcycle, the condition described in [the recall notices] did not cause Ms. Rutledge's accident," Harley–Davidson satisfactorily met its preliminary burden of establishing the absence of a fact issue.

At this point, the burden shifted to Rutledge to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rutledge failed to do so; she offered no evidence independent of the inadmissible recall notices to show that a specific defect existed in her motorcycle. As such, the district court did not err in granting summary judgment for Harley–Davidson.

No. 09-60533

One motion remains outstanding on this appeal. Harley–Davidson moved to strike portions of Rutledge's brief as discussing matters outside the record. This motion is DENIED.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment for Harley–Davidson and DENY the motion to strike.