**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 25, 2012

No. 10-30740

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellant

v.

COURTNEY DONELL ZENO,

Defendant - Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:09-CR-96-1

Before KING, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Courtney Donell Zeno was convicted on five counts of distribution of at least five grams of cocaine base (sometimes referred to as crack cocaine) and one count of possession, with intent to distribute, at least 50 grams of that substance. Zeno challenges: the sufficiency of the evidence on two counts; the admission of a laboratory report for one of those counts; the Government's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30740

closing argument; and non-application of the Fair Sentencing Act, PL111-220, 124 Stat. 2372 (2010) (FSA). CONVICTIONS AFFIRMED; SENTENCE VACATED; REMANDED FOR RE-SENTENCING UNDER THE FSA.

## I.

Between April and June 2008, under law-enforcement supervision, a paid informant purchased crack cocaine from Zeno on six occasions. For each purchase, the substance was in the form of "cookies", with the purchase amount's being based on the number and weight of the cookies.

Arrest warrants for Zeno were executed on 13 November 2008, upon performing a traffic stop of Zeno. A search of Zeno and his vehicle revealed, *inter alia*: $4,819, rubber-banded in bundles of $1,000 each; what appeared to be "cookie" crumbs in one of the doors; and the key to a Chevrolet Monte Carlo.

And, following Zeno's arrest, a search warrant was procured for the residence of his uncle, because Zeno was believed to be hiding drug proceeds there. In conducting that search on the day of Zeno's arrest, officers discovered: a safe containing $36,000, again mostly rubber-banded in $1,000-bundles; and digital scales consistent with those used by drug dealers. And, upon arriving at the uncle's residence, officers had identified a Monte Carlo parked next door, which Zeno had been seen driving on previous occasions. The key found earlier in the day on Zeno fit the vehicle. A bag in the vehicle contained 129.7 grams of crack-cocaine cookies; a fingerprint from inside the bag was identified subsequently as Zeno's.

Zeno's indictment charged, *inter alia*: six counts of distribution of five grams or more of cocaine base (counts 1-6); and one count of possession, with intent to distribute, 50 grams or more of cocaine base (count 7). 21 U.S.C. § 841(a)(1). At his two-day jury trial in April 2010, upon completion of the Government's case-in-chief, Zeno moved unsuccessfully for judgment of acquittal on all counts, including claiming insufficient evidence on counts at issue on

No. 10-30740

appeal.  Zeno did not present evidence.  A jury found him guilty on all but one count.  In August 2010, he was sentenced, *inter alia*, to concurrent terms of life imprisonment.

## II.

For his six drug-trafficking convictions, Zeno challenges the sufficiency of the evidence on only two:  count 6, distribution of at least five grams of cocaine base; and count 7, possession, with intent to distribute, at least 50 grams of cocaine base.  He also challenges:  the admission of a laboratory report supporting his count-7 conviction; the Government's  closing argument; and the FSA's not being applied.

## A.

Where, as here, defendant moves for judgment of acquittal at the close of the Government's case and does not present evidence, a sufficiency challenge is preserved and the issue is reviewed *de novo. E.g.*, *United States v. Delgado*, 256 F.3d 264, 273 (5th Cir. 2001).  The "verdict will be affirmed if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt".  *Id.*  The evidence is not evaluated for weight or credibility, but "in the light most favorable to the verdict, drawing all reasonable inferences to support the verdict".  *Id.* at 274.  In short, review is "highly deferential to the verdict".  *United States v. Harris*, 293 F.3d 863, 869 (5th Cir. 2002).

### 1.

To convict Zeno on count 6, the Government had to prove, beyond a reasonable doubt: (1) Zeno knowingly distributed a controlled substance; (2) the substance was cocaine base; and (3) the quantity was at least five grams.  21 U.S.C. § 841(a)(1).  Zeno claims insufficiency only for the second element.

Along that line, the lab report analyzing the count-6 evidence identified the substance as cocaine, rather than cocaine base.  At trial, however, the

chemist who analyzed the substance testified she had "no doubt" it tested positive for cocaine base.

"[I]t is the sole province of the jury . . . to weigh conflicting evidence and evaluate the credibility of witnesses". *United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998) (citation omitted). Such review "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts". *Id.* (internal quotation marks and citation omitted). A reasonable juror could reconcile the conflicting evidence in favor of the Government.

This case does not involve different drugs; rather, it concerns only sales of crack-cocaine cookies. And, Zeno does not contend the cookies for the convictions for counts 2-5 were not cocaine base. Because the count-7 cookies were admitted without objection into evidence, and the jury had photographic and video evidence of the cookies in the other transactions, the jury was able to compare the cookies and reasonably conclude those for count 6 were the same substance.

**2.**

To convict Zeno on count 7, the Government had to prove, beyond a reasonable doubt: (1) Zeno knowingly possessed a controlled substance; (2) the substance was cocaine base; (3) he possessed it with intent to distribute it; and (4) the quantity was at least 50 grams. 21 U.S.C. § 841(a)(1). Zeno claims insufficiency for elements two and four.

**a.**

Included in the challenge to the substance element is Zeno's challenge, preserved at trial, to Government exhibit 45, a lab report for the cookies seized from the Monte Carlo (approximately 130 grams). Due to chain-of-custody discrepancies, he asserts the lab-report results are not the actual results for the count-7 evidence.

No. 10-30740

Evidentiary rulings are reviewed for abuse of discretion. *United States v. Harper*, 527 F.3d 396, 407 (5th Cir. 2008). Such abuse occurs if the ruling "is based on an erroneous view of the law or a clearly erroneous assessment of the evidence". *United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011) (citation omitted). Error is reviewed for harmlessness, with a conviction's being overturned only if defendant's substantial rights were affected. FED. R. EVID. 103(a); *Jackson*, 636 F.3d at 692.

At a jury trial, when defendant contests whether proffered evidence is that seized, the Government must make a prima-facie showing of authenticity to permit admission, which requires substantial evidence from which a reasonable juror could infer authenticity. *United States v. Smith*, 481 F.3d 259, 265 (5th Cir. 2007) (testimony of officers and analyst in chain-of-custody sufficient to establish authenticity). If that is satisfied, authenticity is for the jury to determine. *Id.* "Any break in the chain of custody goes to the weight of the evidence, not its admissibility." *Id.* (citation omitted).

The Government established: the crack-cocaine cookies in the Monte Carlo were seized by an Officer on 13 November 2008; he maintained custody until giving them to evidence-custodian Sumney; and Sumney submitted the drugs to the North Louisiana Criminalistics Laboratory (NLCL) for analysis. Protocol required Sumney to assign an evidence number to each item received; NLCL assigned a separate number for the same item for its own tracking system; and signed, dated forms were filled out by both parties to coincide with their individual identifications and evidence receipt/transfers. Sumney testified to submitting the evidence to NLCL on 17 November 2008, which date is on the transfer receipt; however, the date on the document for Sumney's receipt of the evidence from the Officer is 3 December 2008. When questioned about the discrepancy, Sumney stated the 3 December entry was a mistake; it should have been 17 November. Again, the cookies were seized on 13 November.

5

No. 10-30740

In the light of this discrepancy, the Government presented testimony from the Officer, Sumney, and the chemist to further corroborate that the evidence tested was that seized on 13 November. Zeno did not object to this testimony, the admission of the cookies, or to documents reflecting collection and storage of them.

There was no abuse of discretion in admitting the lab report. In addition, when combined with other evidence provided by the Government, there was sufficient evidence from which a reasonable juror could find, beyond a reasonable doubt, that the count-7 substance was cocaine base.

### b.

As for the challenged quantity, the Government elicited testimony relating to the weight in grams of a crack-cocaine cookie, such that a reasonable juror could infer the weight of the count-7 cookies exceeded the 50-gram threshold.

### B.

Zeno next contends the Government's closing argument was so prejudicial that it denied him a fair trial. He asserts the Government instructed the jury incorrectly that the earlier-referenced count-6 lab report, stating the substance contained cocaine, was sufficient to convict for cocaine base. In rebuttal closing argument, the Government stated, *inter alia*: "The concern is that the item, the cookie of crack, the cocaine base, has to contain cocaine. Otherwise, it's whatever other junk is in there mixed with it other than cocaine. So if you have crack, it's a combination of cocaine and other things."

Because Zeno failed to object to these statements at trial, review is only for plain error. *E.g.*, *United States v. Mares*, 402 F.3d 511, 515 (5th Cir. 2005). For reversible plain error, Zeno must show a clear or obvious error that affected his substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, our court has discretion to remedy the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

No. 10-30740

Even a timely objection to prosecutorial remarks places a heavy burden on defendant to prove fair-trial denial. *United States v. Thompson*, 482 F.3d 781, 785 (5th Cir. 2007). Remarks are viewed in the light of the trial as a whole; inappropriate comments alone do not compel reversal. *Id.*

The Government's statement that crack cocaine contains cocaine is inaccurate. *E.g.*, *United States v. Butler*, 988 F.2d 537, 542 (5th Cir. 1993) (cocaine becomes cocaine base when treated so as to change its pharmacological state). Further, no evidence was introduced at trial to form the basis for the Government's challenged statements. Accordingly, they were improper.

Viewed in the light of the trial as a whole, however, the statements do not constitute reversible plain error because Zeno's substantial rights were not affected. The Government presented substantial evidence to support the conviction. Moreover, the challenged statements were only a minor portion of the closing argument; and, the jury was instructed to base its verdict solely on the evidence, which did not include statements made in closing argument.

## C.

Zeno's final claim is that the FSA should have been applied to his sentence. The Government agrees.

Signed into law on 3 August 2010, the FSA increased the threshold quantities for mandatory minimum sentences for crack-cocaine offenders: distribution of at least five grams was increased to 28 grams; and possession, with intent to distribute, at least 50 grams was increased to 280 grams. PL 111-222, 124 Stat. 2372 (2010). When the FSA was enacted, it was unclear whether it applied to pre-Act offenders sentenced post-Act, such as Zeno.

The district court did not address the Act at Zeno's sentencing on 31 August 2010, approximately four weeks after the FSA was enacted. Nor did Zeno object to the Act's not being applied. The court ruled Zeno was a career offender, with an advisory Guidelines sentencing range of 360 months to life for

7

all counts, with mandatory life imprisonment for count 7. U.S.S.G. § 4B1.1(a); 21 U.S.C. § 841(b)(1)(A)(iii). He was sentenced to concurrent terms of life imprisonment for each count.

On 21 June 2012, however, during the pendency of this appeal, *Dorsey v. United States*, 132 S. Ct. 2321 (2012), held the FSA applies to pre-Act offenders sentenced post-Act. (Pursuant to Zeno's unopposed motion, proceedings in this appeal had been stayed pending that decision.) And, on 25 July 2012, *United States v. Escalante-Reyes*, 689 F.3d 415 (5th Cir. 2012) (en banc), held:

> [W]hen the law at the time of trial or plea is unsettled, but becomes clear while the case is pending on appeal, review for the second prong of the "plain error" test [whether clear or obvious error] properly considers the law as it stood . . . at the time of the appellate court's decision ("time of appeal").

*Id.* at 418.

Because Zeno raises the issue of FSA-application for the first time on appeal, review is again only for plain error. Pursuant to *Dorsey* and *Escalante-Reyes*, not applying the FSA was clear or obvious error. To show the error substantially affected his rights, Zeno must show "a reasonable probability that, but for the district court's [not applying the FSA] . . . he would have received a lesser sentence". *United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011). Four of the distribution counts of conviction do not satisfy the new 28-gram threshold, and the possession, with intent to distribute, count of conviction does not satisfy the new 280-gram threshold. This substantially affects Zeno's sentence. He has shown reversible plain error.

It is within our earlier-described discretion to correct this error. The inquiry is "case-specific and fact-intensive". *Puckett*, 556 U.S. at 142. Because of *Dorsey* and *Escalante-Reyes*, the substantial disparity between the imposed

No. 10-30740

sentence and the FSA, and the request of both parties to vacate and remand for re-sentencing, we exercise our discretion to do so.

### III.

For the foregoing reasons, all convictions are AFFIRMED; the sentence is VACATED; and this matter is REMANDED for re-sentencing under the Fair Sentencing Act.