# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2014

Lyle W. Cayce
Clerk

No. 13-10089

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DOROTHY FRAIZER WISEMAN, also known as Dot; JOHN PENA
MEDELLIN, also known as Papa John, also known as Uncle John,

Defendants - Appellants

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-192-14

Before JOLLY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

John Medellin headed a biker gang in Texas that distributed heroin.
Dorothy Wiseman was both his customer and one of the dealers working for
him. Both were convicted in separate trials of conspiracy to possess heroin
with intent to distribute. Both now bring sufficiency challenges, which we
reject because in addition to the testimony of an undercover agent, both
defendants confessed to the crimes for which they were charged. Additionally,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-10089

Medellin also makes several evidentiary challenges, which are also without merit.

## I.

An undercover FBI agent who testified under the assumed name of "Rick Krueger" bought heroin from Los Homeboys, a Banditos-affiliated gang. As the head of Los Homeboys, Medellin personally delivered heroin to Krueger three times. Krueger wiretapped the meetings, and the recordings were introduced at trial. The heroin Krueger purchased was a large amount that was appropriate for redistribution.

Medellin was eventually arrested. In the course of his capture, Medellin ingested heroin and suffered a head injury. The officers interviewing Medellin were aware of his heroin ingestion and injury. After being properly Mirandized, Medellin waived his rights and confessed that he led Los Homeboys.

Wiseman, a dealer for Medellin, was also arrested and properly Mirandized. She waived her rights and confessed to purchasing a large quantity of heroin from Medellin about fifty times in a two-year period, part of which she would use and part of which she would sell.

Two separate juries found both defendants guilty of conspiracy to possess with intent to distribute a controlled substance.[1] Wiseman and Medellin now challenge the sufficiency of the evidence supporting their convictions. Additionally, Medellin challenges the chain of custody of a bag of heroin introduced into evidence, argues that that heroin bag was unduly prejudicial, and argues that his confession should have been excluded as not knowing and voluntary.

---

[1] 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846.

2

II.

We begin by reviewing Wiseman's sufficiency challenge.  Although she made a motion for acquittal after the Government rested, she failed to renew her motion at the close of evidence.  Consequently, she faces plain error review and her sufficiency challenge will succeed only if "the record is devoid of evidence pointing to guilt or if the evidence is so tenuous that a conviction is shocking."  *United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2012) (en banc) (internal quotation marks omitted).

Wiseman contends that she was only in a buyer-seller relationship with Medellin.  "[W]hile it is true that a buyer-seller relationship, without more, will not prove conspiracy, one becomes a member of a conspiracy if he knowingly participates in a plan to distribute drugs, whether by buying, selling or otherwise."  *Id.* at 333 (internal quotation marks omitted).

The record is replete with evidence that Wiseman "knowingly participate[d] in a plan to distribute drugs."  *Id.*  DEA Agent Brian Finney testified that Wiseman confessed to him that she was a dealer for Medellin.  Moreover, Wiseman reported buying large quantities of heroin over 50 times, whereas the buyer-seller exception generally applies to "a single buy-sell agreement."  *See id.*  Medellin's daughter independently confirmed that on multiple times she personally delivered large, distributable quantities of heroin to Wiseman.  These large deliveries discredit Wiseman's argument that the heroin was for her family's consumption only.

Because "the record is [not] devoid of evidence pointing to guilt," *id.* at 331, Wiseman's sufficiency challenge fails.

III.

A.

We next examine the evidentiary challenges made by Medellin, Wiseman's supplier.

First, Medellin challenges the admission of the bag of heroin that he sold to Krueger at their first meeting on the grounds that it is unduly prejudicial. Medellin appears to challenge both the bag and the heroin as a single piece of evidence. The district court's decision to admit the bag of heroin is reviewed for abuse of discretion. *United States v. Patterson*, 431 F.3d 832, 839 (5th Cir. 2005).

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." FED. R. EVID. 403. "Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of the relevant matter under Rule 403." *Patterson*, 431 F.3d at 839 (internal quotation marks omitted). Here, an essential element of Medellin's conviction for conspiracy to possess and distribute was an agreement to distribute drugs. *United States v. Tenorio*, 360 F.3d 491, 494–95 (5th Cir. 2004). The probative value of the bag of heroin could hardly have been higher. It was certainly prejudicial to Medellin's case, but it was surely not unfairly prejudicial. Additionally, the Fifth Circuit has allowed evidence that is more highly prejudicial than the heroin bag when such evidence relates to an essential element of an offense. *See, e.g., United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979) (allowing, in a murder trial, "gross, distasteful, and disturbing" photographs showing a bullet's exit wound from the victim's skull).

Medellin also argues that the district court should have conducted a balancing test, on the record, involving the "ascertainment of probative value

and unfair prejudice" of the heroin bag. *United States v. Beechum*, 582 F.2d 898, 914 (5th Cir. 1978) (en banc). But an on the record balancing test is typically performed for Rule 404(b) objections. *See, e.g., id.* at 914; *United States v. Fox*, 69 F.3d 15, 20 (5th Cir. 1995). Medellin cites no cases where we have required an on the record balancing test for a Rule 403 objection. Moreover, because Medellin did not "request specifically an on-the-record articulation" of the test, the district court was not required to perform an on the record test before admitting the heroin bag. *Fox*, 69 F.3d at 20.

B.

In addition to arguing that the bag of heroin was unduly prejudicial, Medellin also argues that the Government failed to establish the bag of heroin's chain of custody. Review here is for plain error because Medellin failed to make the chain of custody argument before the district court, even though he objected to admitting the heroin bag on other grounds. *See United States v. Krout*, 66 F.3d 1420, 1433–34 (5th Cir. 1995). To avoid plain error review, "[a] party must raise a claim of error . . . in such a manner so that the district court may correct itself." *Id.* at 1434 (internal quotation marks omitted).

The applicable rule is that

> When a defendant questions the authenticity of evidence, the district court must determine whether the government has made a prima facie showing of authenticity. This prima facie showing is that there be substantial evidence from which the jury could infer that the evidence is authentic. Once this showing is made, the evidence should be admitted, and the jury has the ultimate responsibility for deciding the authenticity issue. Any break in the chain of custody goes to the weight of the evidence, not its admissibility.

*United States v. Smith*, 481 F.3d 259, 265 (5th Cir. 2007) (internal quotation marks and citations omitted).

No. 13-10089

The heroin bag was properly admitted, as the Government made a prima facie showing that the evidence was authentic.  Medellin sold the heroin wrapped in a brown bandana.  That bandana was in the bag of heroin introduced into evidence, which demonstrated its authenticity.  Additionally, Krueger stated that he had given the bag of heroin to his partner, who stored it in the police's evidence locker and signed the bag.  This procedure mirrored the procedure the police followed in *Smith*, where a prima facie case of authenticity was established when the officer (1) put seized drugs in a paper bag at the police station and then sealed and initialed the bag; and (2) testified at trial that the bag in evidence was the one he had put in the police's evidence locker.  *Id.* at 265.

### C.

Medellin also argues that his confession was involuntary because he had previously ingested heroin and also was suffering from a head wound.  He argues that when he confessed, he did not understand that he could terminate his interview with law enforcement.  The district court denied Medellin's motion to suppress.  Review of the legal conclusion that the confession was voluntary and knowing is de novo.  *See United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005).

A defendant may waive his right to remain silent if "the waiver is made voluntarily, knowingly and intelligently."  *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  "The mere fact that the defendant had taken drugs prior to giving the statement does not render it inadmissible. The evidence must show the defendant was so affected as to make his statement, after appropriate warnings, unreliable or involuntary."  *United States v. Taylor*, 508 F.2d 761, 763 (5th Cir. 1975).

No. 13-10089

Viewing the evidence and the record relating to the confession, we conclude that Medellin's confession was indeed made "voluntarily, knowingly, and intelligently." *Miranda*, 384 U.S. at 444. Medellin told one of the police officers interviewing him that he understood his rights and wished to continue to talk. Moreover, the officers took safety measures that verified that Medellin was lucid and alert when he confessed. For example, Medellin correctly answered questions about his date of birth, his wife's and children's names, and his home address. Medellin's detailed confession also indicated that he was coherent. He confessed to how much drugs each of his gang members was distributing, and how much he charged each member. Medellin's identification of the members of his gang corroborated what one of the officers interviewing him independently knew to be true.

As the record is clear that Medellin was not so intoxicated that his confession became "unreliable or involuntary," we hold that his confession was properly admitted. *Taylor*, 508 F.2d at 763.

D.

Medellin finally argues that there was insufficient evidence to prove he "knowingly" possessed any controlled substance. Because Medellin, too, failed to renew his motion for acquittal at the close of evidence, he will prevail on appeal only if "the record is devoid of evidence pointing to guilt or if the evidence is so tenuous that a conviction is shocking." *Delgado*, 672 F.3d at 331. Here, the record is far from "devoid of evidence" supporting Medellin's conviction, given: (1) Medellin's confession; (2) Agent Krueger's testimony that he bought heroin from Medellin personally three times; and (2) audio recordings of these deals.

No. 13-10089

## IV.

For the reasons above, the district court's judgments regarding both defendants are

AFFIRMED.