# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50117

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TAYLOR BREANN MOOREFIELD,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CR-209

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Following a jury trial, Taylor Breann Moorefield was found guilty of conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine. Moorefield appeals the district court's judgment, specifically challenging: (1) the exclusion of evidence related to her cooperation with the Drug Enforcement Administration (DEA); (2) the sufficiency of the evidence; and (3) the court's jury instructions. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50117

Exclusion of Evidence

This court reviews a district court's exclusion of evidence for an abuse of discretion, and if such abuse is found we review for harmless error. *United States v. Haese*, 162 F.3d 359, 364 (5th Cir. 1998).

The Government filed a motion in limine requesting that the court exclude evidence of Moorefield's cooperation with the DEA. To support its motion, the Government argued that such evidence was irrelevant and that Moorefield did not file a notice of intent to assert a public authority defense (i.e., defendant was actually trying to help enforce the law) as required under Federal Rule of Criminal Procedure 12.3. At a bench conference, defense counsel responded that Moorefield did not comply with the Rule because she was not asserting that her behavior was authorized by the DEA. Instead, defense counsel argued that this evidence would be used to show her state of mind related to the inherent dangers of being a DEA informant, and requested a jury instruction to that effect. When questioned by the court as to why her state of mind was relevant to the charge, defense counsel asserted that Moorefield did not change her behavior or stop her involvement in the drug business because she feared her life was at risk if she was discovered as an informant.

The district court responded by citing the Fifth Circuit's discussion of the matter in a number of cases, specifically *United States v. Smith*, 481 F.3d 259, 262-63 (5th Cir. 2007). The district judge reasoned that while the *Smith* court dealt with a different issue – entrapment – it discussed the rule that is applicable to the instant case. Similarly, *Smith* involved a motion in limine to exclude evidence that defendant had been a police informant. *Id.* at 262. Like here, the *Smith* court granted the motion in limine because defendant did not provide notice of his intent to use a public authority defense. *Id.* Also, the

2

court in *Smith* opined that the district court did not err in failing to give the entrapment instruction, stating:

> Before the district court, Smith's counsel never clearly asserted entrapment as a possible defense. Even though Smith asserts that his proffered testimony was relevant to entrapment, he did not make a prima facie showing that would require either the government to prove that it did not entrap the defendant or the district court to offer an instruction on entrapment.

*Id.* at 263. The same may be said here. Moorefield's counsel did not clearly assert duress as a possible defense and did not make a prima facie showing to support a duress instruction. While defense counsel's statement that Moorefield feared for her life if discovered to be a DEA informant may imply duress, it was not enough to warrant the instruction. To merit a duress instruction, defendant must show:

(1)    that the defendant was under an unlawful and "present, imminent, and impending [threat] of such a nature as to induce a well-grounded apprehension of death or serious bodily injury";

(2)    that defendant had not "recklessly or negligently placed himself in a situation in which it was probable that he would be [forced to choose the criminal conduct]";

(3)    that defendant had no "reasonable legal alternative to violating the law; a chance both to refuse to do the criminal act and also to avoid the threatened harm"; and

(4)    "that a direct causal relationship may be reasonably anticipated between the [criminal] action taken and the avoidance of the [threatened] harm."

*United States v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998).

Moorefield contends on appeal that these requirements set the bar too high because the Supreme Court has held that "a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*,

485 U.S. 58, 63, 108 S. Ct. 883, 887 (1988). This argument works against Moorefield, however. Without more, defense counsel's general statements of Moorefield's angst about being found out as a government informant is not sufficient evidence to necessitate the duress instruction.

Accordingly, the district court did not abuse its discretion in excluding evidence of Moorefield's DEA cooperation.

<u>Insufficiency of the Evidence</u>

Next, Moorefield contends that the evidence was not sufficient to support the jury's conviction. This court in *Vargas-Ocampo* restated the Supreme Court standard that a conviction must be affirmed "if after viewing the evidence and all reasonable inferences in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 300 (5th Cir. 2014 (*en banc), cert. denied,* 135 S. Ct. 170 (2014) (citing *Jackson v. Virginia,* 443 U.S. 307, 313-14, 99 S. Ct. 2781-2786 (1979)).

To show that Moorefield conspired to possess methamphetamine with intent to distribute under 21 U.S.C. §§ 841(a)(1) and 846, the Government "must prove beyond a reasonable doubt the existence of an agreement that entails a violation of the narcotics laws, the defendants' knowledge of the agreement, and their voluntary participation in it." *United States v. Ayala*, 887 F.2d 62, 67 (5th Cir. 1989) (citing *United States v. Hernandez-Palacios,* 838 F.2d 1346, 1348 (5th Cir.1988); *United States v. Gardea Carrasco,* 830 F.2d 41, 44 (5th Cir.1987)). Moorefield only challenges the "voluntariness" of her participation in the conspiracy, stating that "the evidence does not prove beyond a reasonable doubt that Moorefield's intent was borne of a 'bad purpose' rather than fear of retribution from some dangerous people." She further argues that the evidence proves that she lacked the specific intent to commit the offense.

On the contrary, the evidence supports the assertion that Moorefield voluntarily and actively participated in furthering the drug conspiracy. Multiple witnesses testified to having personal knowledge of Moorefield dealing meth. One of those witnesses was Michael Brewer, an admitted meth dealer who testified to providing her with enough meth to distribute, and on several occasions, personally driving her to the locations to complete the deals. Another witness, Brandy Zaliauskas, testified that Moorefield and several other individuals regularly distributed meth from a hotel room that was usually paid for by Zaliauskas.

Moreover, the Government presented audio recordings and text messages that reflected Moorefield's conversations about drug dealing with Brewer. Some of these conversations revealed Moorefield seemingly bragging about her ability to sell meth. Brewer testified that Moorefield was referring to meth as "work" when she stated "I can get rid of work like getting rid of candy on Halloween." Also, Moorefield admitted telling Brewer "I can sell a whole ball all by myself. I'm a big girl. I've done it before." Her explanation for this apparent boasting was that she was not proud of it, but that she sold meth because she needed the money.

In light of the compelling evidence at trial, we conclude that a reasonable jury could find that Moorefield possessed the requisite intent to further the drug conspiracy and that her participation was voluntary.

Jury Instructions

Moorefield's final argument is that the district court committed plain error by failing to define "willfully" as requiring a "bad purpose" according to the Fifth Circuit Pattern Jury Instructions.

"The trial judge is given substantial latitude in tailoring the instructions so long as they fairly and adequately cover the issues presented." *United States v. Pool*, 660 F.2d 547, 558 (5th Cir. 1981). It is undisputed that conspiracy to

possess with intent to distribute a controlled substance "is a specific intent crime." *United States v. Burroughs*, 876 F.2d 366, 369 (5th Cir. 1989). The phrase "specific intent" need not be used in the jury instruction; what matters is whether the jury is instructed that the defendant intended to break the law. *United States v. Kay*, 513 F.3d 432, 449 (5th Cir. 2007).

Here, the jury was required to find "[t]hat the defendant knew of the *unlawful purpose* of the agreement; and [t]hat the defendant joined in the agreement willfully, that is, with the intent to further its *unlawful purpose*." Thus, unlike in *Burroughs*, the district court did not wrongly treat the conspiracy charge as a general intent crime. *See* 876 F.2d at 368. Because the jury was "required to find that [Moorefield] intended to do something unlawful," the instruction was proper. *See id.* at 369.

AFFIRMED.