NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3402

_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER MARK HEATH,
Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-16-cr-00075-001)
District Judge: Honorable Yvette Kane

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 18, 2019

Before: AMBRO, RESTREPO, and FISHER, Circuit Judges

(Opinion filed: June 20, 2019)

_____

OPINION[*]

_____

AMBRO, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Christopher Mark Heath appeals his conviction under 18 U.S.C. § 924(c) for possession of a firearm "in furtherance of" a drug-trafficking crime. He argues that there was insufficient evidence to support the conviction. We disagree and affirm the District Court's decision to deny his motion for acquittal notwithstanding the verdict.

**Background**

Throughout 2015 Heath worked with his brother-in-law, Tyler Long, to grow, transport, and sell large quantities of marijuana to customers in Pennsylvania and Florida. At this time Heath was employed as a deputy sheriff in California. He contributed to the amount of marijuana sold both by growing his own plants and by taking marijuana that had been seized by the sheriff's department from his workplace. In late 2015, based on information from a confidential informant, the York County Drug Task Force set up a controlled purchase in which the informant and an undercover officer planned to buy marijuana from Heath and Long.

In December 2015, Heath, Long, and Ryan Falsone drove from California to York County, Pennsylvania to complete the sale. Expecting to earn $100,000 from the trip, Heath drove alone in a pickup truck, carrying marijuana in garbage and duffel bags in the bed of his truck. The total amount of the marijuana transported in Heath's truck was 89 kilograms (approximately 200 pounds). Long and Falsone drove in a separate truck, and the three conspirators arrived at the informant's house around 11:30 p.m. on December 28, 2015. After the informant and undercover officer began unloading bags of marijuana from Heath's truck, other law enforcement officers appeared and arrested Heath, Long, and Falsone.

2

Once Heath was in custody, police officers searched his truck and discovered a loaded semi-automatic pistol and an extra loaded magazine. Officers found the gun and magazines in the outside zipper compartment of a suitcase that was on the floor of the second row of seats directly behind the driver's seat. Heath owned the gun legally and was authorized to carry it off-duty and out of state.

Based on the discovery of the gun in Heath's truck, he was indicted for possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). He was also indicted for: conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and manufacturing, distributing, and possessing with the intent to manufacture and distribute marijuana, in violation of 21 U.S.C. § 841(a)(1).

At trial, after the close of the prosecution's case, Heath moved for judgment of acquittal on the firearm charge. The District Court denied the motion. The jury found him guilty on all counts, at which point he again moved for judgment of acquittal notwithstanding the verdict on the firearm charge. The Court denied this motion as well.

## Standard of Review

We review *de novo* the denial of a motion for judgment of acquittal and independently apply the standard used by the District Court. *United States v. Bobb*, 471 F.3d 491, 494 (3d Cir. 2006). Our review of the sufficiency of evidence is "particularly deferential." *United States v. Mercado*, 610 F.3d 841, 845 (3d Cir. 2010). We review the

evidence in the light most favorable to the prosecution and affirm unless no rational trier of fact could find guilt. *Id.*

## Discussion

A conviction under § 924(c) requires that the defendant possess a firearm "in furtherance of" a drug-trafficking crime. 18 U.S.C. § 924(c)(1)(A). The Government must prove more than the "mere presence" of a firearm; instead, the weapon must have "advanced or helped forward a drug[-]trafficking crime." *United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004). To determine whether the firearm advanced the crime, we consider eight nonexclusive factors:

> The type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*Id.* (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414-415 (5th Cir. 2000)). In evaluating these factors, it is not necessary that all weigh in favor of conviction if a rational jury could find that some or most are determinative. *United States v. Walker*, 657 F.3d 160, 173 (3d Cir. 2011). Balancing these factors, we conclude there is enough evidence to support the jury's conviction for possession of a firearm in furtherance of a drug-trafficking conspiracy.

To start, the type of drug activity in which Heath was engaged was the cross-country transportation of nearly 200 pounds of marijuana for sale. As compensation for this activity, Heath expected to receive $100,000. Although he claims that a weapon would not be useful during this kind of sale, the jury could properly infer, based on the

4

high stakes of the transaction, that Heath brought the gun to protect himself, the drugs, and his expected proceeds. *Cf. United States v. Woodard*, 531 F.3d 1352, 1362 (11th Cir. 2008) (explaining that, because the defendant had approximately 100 pounds of marijuana worth "a considerable sum of money," the jury could reasonably conclude that he brought a gun to protect the valuable stock of drugs).

Further, Heath's weapon was loaded and easily accessible. The loaded semi-automatic handgun and extra magazine were in an outer zipper pocket of a suitcase directly behind the driver's seat. Heath could easily access the weapon if necessary, either by reaching behind his seat or opening the second-row door when he left the truck for the sale. *Cf. United States v. Smith*, 481 F.3d 259, 264 (5th Cir. 2007) (finding that the accessibility factor weighed in favor of conviction when the gun was tucked under the passenger seat of the car). Heath points out that the gun was not in the truck's glove compartment or center console, which would have been more accessible locations, but it does not need to be in the most accessible location for a § 924(c) conviction if it is strategically located. *See Sparrow*, 371 F.3d at 853–54 (affirming conviction even though police needed to pry up floor tiles with a crowbar to access the weapon because the gun was strategically located for protection when the defendant retrieved drugs or money from the compartment). Even if Heath's weapon was not immediately accessible, a rational factfinder could find that it was placed so that he could quickly remove it from the suitcase's outer pocket if the drug deal turned violent.

The weapon's proximity to the drugs likewise weighs in favor of conviction. Heath stored the weapon in the second row of the cab, only a few feet away from the

5

marijuana in the truck bed. *Cf. United States v. Nunez-Sanchez*, 478 F.3d 663, 669 (5th Cir. 2007) (concluding that the proximity factor weighed in favor of conviction when cocaine under the defendant's bed was only about two feet away from the gun next to the bed). The separation between the cab and the bed of the truck is not significant because the distance is so short that Heath could have quickly and easily accessed the gun to protect the marijuana if necessary. *See also United States v. Iglesias*, 535 F.3d 150, 157 (3d Cir. 2008) (concluding that the proximity factor weighed in favor of conviction when the gun in question was stored in a briefcase in the same room as a small amount of methamphetamine and the same house as a large quantity); *United States v. Yanez Sosa*, 513 F.3d 194, 197, 201 (5th Cir. 2008) (concluding that the proximity factor weighed in favor of conviction when the gun was in the bedroom nightstand and the drugs were behind the drywall of the bedroom closet).

The timing and circumstances under which the gun was found — late at night following a purchase of marijuana — could also indicate that Heath brought the weapon for protection. *See Walker*, 657 F.3d at 173 (describing the circumstances weighing in favor of conviction as a drug sale, in which the defendant possessed the weapon throughout the course of the transaction); *United States v. Seymour*, 519 F.3d 700, 715 (7th Cir. 2008) (noting that transporting the weapon after 11:00 p.m. contributed to the timing and circumstances that indicated possession in furtherance of the drug-trafficking crime). In this context, the type of weapon possessed was ideal for protection of the marijuana: Heath brought a small semi-automatic handgun that could easily be carried,

6

stored, and concealed in his car. *See United States v. Mitten*, 592 F.3d 767, 777 (7th Cir. 2010).

Even if Heath's co-conspirators did not know that he had a gun, their ignorance would not negate the factors weighing in favor of conviction. Heath, Long, and Falsone agreed to deliver and sell the marijuana in Heath's truck. Based on this agreement, Heath could further the conspiracy without the others knowing specifically how he planned to do so. The additional requirements that Heath urges — that the possession be both within the scope, and a reasonably foreseeable consequence, of the agreement — are necessary only if Heath was convicted for one of his co-conspirator's actions, not his own. *See United States v. Bailey*, 840 F.3d 99, 112 (3d Cir. 2016); *see also United States v. Pinkerton*, 328 U.S. 640, 647–48 (1946).

In sum, most factors support a rational jury's finding of guilt. Even though Heath owned the gun legally and it was not stolen, the jury could have found that these two factors do not outweigh the other six. The prosecution presented enough evidence to support Heath's § 924(c) conviction. As such, the District Court was correct to deny his motion for acquittal. Thus we affirm.